EAST TENNESSEE COAL COMPANY *et al. v.* TAYLOR *et al.*

(*Knoxville.*   September Term, 1914.)

1. **DEEDS. Description. Certainty.**

A deed describing the land as 5,000 acres, entry No. 1951, grant No. 21902, in the name of S., conveys grant No. 21903, where the only entry that agreed with 5,000 acres, entry No. 1951, in the name of S., was grant No. 21903, and grant No. 21902 was based on entry No. 1984.  (*Post, pp.* 12, 13.)

2. **ASSIGNMENTS FOR BENEFIT OF CREDITORS. Deed by assignee. Certainty.**

A deed reciting that it was made individually and as assignee, and that an assignment was made on a specified day, and signed individually and as assignee, is too indefinite to show that the grantor was an assignee for benefit of creditors, entitled to sell the property.  (*Post, pp.* 14, 15.)

3. **ASSIGNMENTS FOR BENEFIT OF CREDITORS.  Creation. Names of creditors.**

An assignment for benefit of all creditors may be created, without specifying their names.  (*Post, pp.* 15, 16.)

Cases cited and approved:   Williams v. Otey, 27 Tenn., 563; Wooldridge v. Bank, 33 Tenn., 298; Williams v. Neil, 51 Tenn., 282; Hughes v. Brown, 88 Tenn., 578; Realty Co. v. Andrews, 128 Tenn., 725.

4. **ASSIGNMENTS FOR BENEFIT OF CREDITORS.  Sale of property by assignee.**

An assignee for benefit of creditors may sell the property assigned, though such power is not in terms granted, since such power would be implied.  (*Post, pp.* 15, 16.)

5. **ASSIGNMENTS FOR BENEFIT OF CREDITORS.  Assignee. Power of successor.**

A successor of a deceased assignee for benefit of creditors takes the same powers as his predecessor had under the instrument.  (*Post, pp.* 15, 16.)

6. **ADVERSE POSSESSION. Deeds. Exclusion clause. Burden of proof.**

Though a deed has an exclusion clause, it will be treated as covering all the lands, within its bounds, where the party claiming adversely fails to sustain the burden of showing the bounds of the excluded land. (*Post, pp.* 16, 17.)

Case cited and approved: Iron & Coal Co. v. Schwoon, 124 Tenn., 176.

<hr>

FROM MORGAN.

<hr>

Appeal from the Chancery Court of Morgan County.—A. H. ROBERTS, Chancellor.

J. A. MONROE, W. Z. STRICKLIN and LUCKY & ANDREWS, for appellants.

DAVIS & JONES, for appellees.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

Ejectment in the chancery court of Morgan county for 5,000 acres of land. The chancellor decreed in favor of complainants, and the defendants have appealed and assigned errors.

Error No. 1. This must be overruled. We think it appears clearly from the record that, in the description of the lands by the entry and grant numbers in the deed reproduced on page 27 of the transcript, the grant number, "21902," was by clerical mistake written

in that form when the parties meant to write the number "21903." This is shown by the following evidence. The line in the deed reads:

| In Whose Name. | No. of Entry. | Date. | Grant No. | No. of Acres. |
|---|---|---|---|---|
| John L. Smith. | 1951. | Jan. 30, 1831. | 21902. | 5000. |

Grant No. 21903 is in the record, and it shows on its face that it is based on entry No. 1951 in the name of John L. Smith for 5,000 acres. It is also shown that there is no other entry of that kind on the record books of Morgan county. Now, while it is true that if the grant number "21902" had stood alone on the deed the land covered by No. "21903" could not have been conveyed thereby, still the other facts connected therewith show that the intention was to convey the land embraced in the grant based on an entry No. 1951 in Morgan county for 5,000 acres in the name of John L. Smith, and the evidence further shows that the true number of that grant was 21903. Furthermore, it is shown that 21902 was based on entry No. 1984 in the name of John Smith, and that grant and entry are in the record. So there can be no doubt there was a mere clerical error, and that it was subject to correction by the other facts referred to in the description, the concurring facts of the name of the enterer, the number of the entry, and the number of acres, and was so corrected.

Error No. 2.  This must be overruled.  It is true that on March 1, 1867, George F. Gerding conveyed the land in controversy to William A. Kobbe, and the latter on May 11, 1877, conveyed it to Phillip F. Kobbe and Edward Ball, and that on May 11, 1878, they conveyed it to Algernon S. Sullivan, and that the only heir at law of the latter, George H. Sullivan, through whom complainants claim, executed a deed to Will D. Wright, which deed is a link in the chain of title, and that this deed contains, among other things, the following language:

"This indenture, made the 28th day of November, one thousand eight hundred and ninety-nine, between George H. Sullivan, of the city, county, and State of New York, both individually and as assignee of the firm of Kobbe & Ball, party of the first part, and Will D. Wright, of Knoxville, State of Tennessee, party of the second part:  Whereas, by an assignment made on the 29th day of March, 1878, Phillip F. Kobbe and Edward Ball, as partners, of the firm of Kobbe & Ball, did assign to Algernon S. Sullivan, of the city of New York, all their property, real and personal; and whereas, by deed dated the 11th day of May, 1878, the said Phillip F. Kobbe did convey to Algernon S. Sullivan individually certain lands in Morgan county and elsewhere in the State of Tennessee; and whereas, the said Algernon S. Sullivan died on the 4th day of December, 1887, leaving him surviving his widow, Mary Mildred Sullivan, and his son, George H. Sullivan, his sole heirs, and thereafter on the 29th of September, 1891, said

George H. Sullivan was duly appointed substituted assignee of the firm of Kobbe & Ball in the place of said Algernon S. Sullivan, deceased, and on the 14th day of August, 1890, the said widow, Mary Mildred Sullivan, did by deed of said date convey to George H. Sullivan all of her right, title and interest in and to said real estate: Now this indenture witnesseth.''

Then follows a conveyance of the land covered by entry No. 1951 and other lands. The deed is signed: ''George H. Sullivan, as Assignee, and Individually.''

What effect should be given to the recitations concerning the ''assignment made on the 29th day of March, 1878''? There is nothing else in the record to show the extent or nature of this assignment. Was it made for the benefit of creditors? Such conclusion, if reached, must be based on the mere use of the term ''assignment.'' Let us assume this conclusion; then who were the creditors? None are named. It is true there might be an assignment for all creditors without specifying their names, and the trustee might sell, and convey a good title. *Williams* v. *Otey*, 8 Humph. (27 Tenn.), 563, 568, 47 Am. Dec., 632. And this although the instrument did not in terms vest in the trustee a power of sale, since that would be implied. Id. And in case the first trustee should die, the new or substituted trustee would take the same title and powers, without an express vestiture. *Wooldridge* v. *Bank*, 1 Sneed (33 Tenn.), 298; *Williams* v. *Neil*, 4 Heisk. (51 Tenn.), 282; *Hughes* v. *Brown*, 4 Pick. (88 Tenn.), 578, 13 S. W., 286, 8 L. R. A., 480; *Realty Co.* v. *Andrews*, 1

Thomp. (128 Tenn.), 725, 731, 732, 164 S. W., 1175.
Therefore whatever title and power of sale Algernon
S. Sullivan had we should have to further assume be-
came vested in George H. Sullivan, and such title
passed to his vendee, and the latter would not be
bound to look to the application of the purchase
money. *Williams* v. *Otey,* supra. Certainly third
parties could not complain. However, we are of
the opinion that the recitations in the deed are too
meager to convey any certain information as to a
legal assignment, and must be disregarded, and that
it must be held that the deed made by Kobbe & Ball
to Algernon S. Sullivan on May 11, 1878, conveyed the
legal title to him, and that this was subsequently
conveyed to Will D. Wright by George H. Sullivan, who
was the only heir at law of Algernon S. Sullivan, by
his aforesaid deed of November 28, 1899.

Error No. 3. This is overruled. This assignment
is based on the action of the chancellor in holding that
entry No. 1839 is the same land described in the exclu-
sion clause of the deed. It is difficult to make the calls
correspond, but the surveyor testifies that No. 1839
is correctly shown on his map, Exhibit A, as lying
within entry 2846, for which complainants sue, and we
are inclined to believe the chancellor's conclusion is
correct. However, it is unnecessary to decide the point,
since the burden is on the party claiming adversely to
the grant to show the bounds of the excluded land,
and in case of failure to make such showing the grant
will be treated as covering all of the land within its

bounds.   This is the rule under a general exclusion clause.   *Iron & Coal Co.* v. *Schwoon,* 124 Tenn., 176, 209, 135 S. W., 785.   The rule must be the same if it be impossible to apply the deed's description of excluded land to any land on the ground.   At all events it is not shown that the land claimed by the defendants lies within the exclusion clause.   It thus appears that the defendants have no ground on which to question complainants' rights by reason of the aforesaid exclusion clause. .

It results that the decree of the chancellor must be affirmed, with the costs of this court and of the chancery court.