GREGORY et al. v. MERCHANTS STATE BANK et al. (two cases). —135 S. W. (2d) 465.

Middle Section. August 12, 1939.

Petition for Certiorari denied by Supreme Court January 20, 1940.

Cantrell, Meacham & Moon, of Chattanooga, and J. D. Richardson, of Murfreesboro, for complainants-appellants.

J. Frank Warmath, of Humboldt, for defendant-appellant, Dodson.

Lloyd S. Adams and J. D. Senter, Jr., both of Humboldt, for defendant-appellee Bank.

FAW, P. J. Two suits brought in the Chancery Court of Rutherford County were consolidated and heard together in that Court, and the Chancellor's decree is here for review on two special or limited appeals.

The bill in one of the cases (Rule No. 245) was filed by Mrs. Ida L. Gregory, a resident of Rutherford County, Tennessee, and W. O. Gregory, a resident of Bibb County, Georgia, as complainants, against Merchants State Bank, a banking corporation organized under the laws of Tennessee, with its situs and principal place of business at Humboldt, in Gibson County, Tennessee, and A. R. Dodson, a resident of Gibson County, Tennessee, as defendants.

The bill in the other of the two cases (Rule No. 246) was filed by

Mrs. Ida L. Gregory and J. D. Gregory, residents of Rutherford County, Tennessee, as complainants, against the same defendants as in No. 245, supra.

The name of A. R. Dodson as a defendant does not appear *in the caption* of the bill in case No. 246, but it is apparent from the allegations and prayer of the bill that it was intended to make him a defendant, and he was so treated by the Court and counsel throughout the litigation below, and the omission of his name from the caption will be treated as a mere clerical error.

On final hearing, the relief sought by the complainants was in part denied and in part granted by the Chancellor. The complainants Ida L. Gregory, W. O. Gregory and J. D. Gregory appealed from that part of the decree adverse to them, and defendant A. R. Dodson appealed from that part of the decree adverse to him; hence, we will designate the parties as complainants and defendants, respectively, as they appeared on the record below, or by their respective names.

It is alleged in the complainants' bill in case No. 245, and is admitted by the defendants, that, on April 2, 1934, the Merchants State Bank (defendant herein) sued Mrs. Ida L. Gregory and W. O. Gregory (complainants herein) in the Circuit Court of Rutherford County, Tennessee, to obtain judgment for the amount of a note for $1,469, with interest and attorney's fees, which note was dated June 21, 1930, payable to said Bank twelve months after its date, and purports to have been signed by said Ida L. Gregory and W. O. Gregory as makers thereof.

It is alleged in the complainants' bill in case No. 246, and admitted by the defendants, that, on April 2, 1934, the said Merchants State Bank sued Mrs. Ida L. Gregory and J. D. Gregory in the Circuit Court of Rutherford County, Tennessee, to obtain judgment for the amount of two notes, with interest and attorney's fees, which notes purport to have been signed by said Ida L. Gergory and J. D. Gregory as makers, and were payable to said Merchants State Bank twelve months after their dates, respectively. One of said two notes was for $1,180, and was dated September 6, 1930, and the other of said two notes was for $236 and was dated June 6, 1931.

It was further alleged and admitted that the aforesaid actions at law were "pending undisposed of in the Circuit Court at Murfreesboro" (in Rutherford County) at the time the two bills in these consolidated cases were filed (which was February 20, 1935).

It was further alleged in each of the two bills that the aforesaid notes purport to be renewal notes, and that the original notes, of which the notes sued on in the Circuit Court as aforesaid purport to be renewals, were "fraudulently obtained several years ago by the Bank's President and/or Cashier, A. R. Dodson" and that, consequently, said renewal notes are fraudulent and should be cancelled.

Each of the bills contains detailed allegations upon which the

complainants in each case seek to predicate the claim that said notes were obtained by fraud, and are, therefore, not binding obligations upon them, or either of them.

Aside from the descriptions of the notes on which the aforesaid suits had been brought in the Circuit Court of Rutherford County, the bills in the two consolidated cases contained the same allegations; and, upon these allegations, the complainants seek, in addition to an injunction against the further prosecution of said actions at law, an accounting by defendant Dodson of his administration, for more than thirty years, of a trust for the benefit of complainant Ida L. Gregory and her children, and a judgment against defendant Dodson and defendant Bank for trust funds aggregating many thousands of dollars which, complainants alleged, defendant Dodson had, after depositing same in defendant Bank, diverted from the purposes of the trust and appropriated to his own use and benefit, with the knowledge of the Bank, which Bank he (defendant Dodson) "managed, controlled, directed and operated many years, at will," as the chief officer thereof.

The prayers of the two bills in the consolidated causes are substantially identical, and are as follows:

"1st: That process issue to Gibson County, Tennessee, to compel defendants to come into this Court and answer this bill, but their answers on oath are hereby waived.

"2nd: That a writ of injunction issue, by order of your Honor, restraining and prohibiting the defendants and their attorneys and agents from further prosecuting said suit against complainants on said note in the Circuit Court of Rutherford County, Tennessee, and from prosecuting any similar suit in any other court, and that at a hearing said injunction be made perpetual and said note cancelled.

"3rd: That the defendants be required to set out and show in their answers to this bill the amounts deposited in defendant Bank by the said A. R. Dodson to his own account as trustee for Ida L. Gregory, and to the individual account of Ida L. Gregory, or Mrs. W. H. Gregory, and to set out and show how, when, and by whom the amounts deposited were withdrawn; to set out and show when the original note, or any renewals thereof, executed by complainants jointly, was, or were, delivered to the Bank and carried by the Bank on its records as an asset of the Bank; and, for that purpose, let the Bank be required to exhibit with its answer photostat or certified copies of its books and records showing said facts; also, any cancelled checks drawn on either of said accounts in the possession of either defendant.

"4th: That defendants be required to account for and show the funds belonging to the said Ida L. Gregory and placed in said Bank, and that complainant have and recover of said defendants the amount shown, less legitimate withdrawals.

"5th: That they have such other, further and general relief as the nature of their case may require.

"This is the first application for injunction in this cause."

On preliminary application, a fiat was granted in each of the two cases (by the County Judge of Rutherford County in case No. 245, and by Chancellor Lytle in case No. 246) as follows:

"File this bill; and, on complainants giving an injunction bond in the penalty of $500.00 conditioned as required by law, issue an injunction prohibiting defendant, Merchants State Bank, from proceeding in its suit in the Circuit Court at Murfreesboro, Tennessee, against complainants any further than to take judgment on said note, which it is allowed to do. Complainants will withdraw any pleas that may have been filed in said suit, and allow the suit to proceed to judgment. No steps will be taken on said judgment without leave of the Chancery Court in this cause."

Subpoena to answer for both defendants was issued to Gibson County and there executed upon them. A writ of injunction was issued to Gibson County against defendant Bank, and there executed. No process to Rutherford County was prayed for or issued.

It is apparent, we think, that each of the bills asserts two distinct and independent causes of action, viz.: (1) Complainants seek to enjoin the further prosecution of the actions in the Circuit Court of Rutherford County, upon allegations that the notes upon which the actions at law are founded, were procured by fraud, and (2) complainants seek an accounting with defendant Dodson as trustee, and a judgment against defendant Dodson for whatever sums may be found due from him to the trust estate, and also a judgment against defendant Bank for the amount of such trust funds as may be shown to have been misappropriated by Dodson with the knowledge of the Bank.

The Chancery Court of Rutherford County had jurisdiction of the suit to enjoin the aforesaid actions in the Circuit Court of Rutherford County; but, upon the facts of this record, had no jurisdiction to entertain the suit for an accounting by the trustee, Dodson, and for judgment thereon against Dodson and the Bank, if objection to the jurisdiction was properly and seasonably made.

"The court of chancery acts ordinarily in personam, and suit may be instituted wherever the defendant, or any material defendant, is found, unless otherwise prescribed by law." Code, sec. 10383.

In the instant case, the bills allege that the defendants are residents of Gibson County, and complainants pray for process to issue to Gibson County, and process issued accordingly. The statutes authorizing "counterpart summons" have no application to this case.

Section 10388 of the Code, prescribing rules to which the local jurisdiction of the Chancery Court is subject, provides:

(1) "The bill may be filed in the county in which the defendant

or a material defendant resides, and if, upon inquiry at his residence, he is not to be found, he may be preceeded against by publication or judicial attachment."

(3) "Bills seeking to enjoin proceedings at law may be filed in the county in which the suit is pending or to which execution has issued."

But section 10387 of the Code provides that, "The jurisdiction of the court of chancery in which suit is brought, can only be resisted by plea in abatement, demurrer, or motion to dismsis."

Defendant Bank did not resist the jurisdiction of the Chancery Court of Rutherford County by plea in abatement, demurrer or motion to dismiss. It filed an answer which (in much detail) made an issue upon each and every allegation of the bills upon which a decree adverse to it could be predicated, and in the midst of its answer it said: "This defendant denies that in this cause complainants are entitled to have an accounting with A. R. Dodson as trustee, and to this extent, and in this regard this defendant expressly pleads that the bill is multifarious." But defendant Bank could not thus resist the jurisdiction of the Court by answer. Code, sec. 10396.

Defendant Dodson filed a demurrer and an amended demurrer to that part of the bill which makes him a party and seeks an accounting of the trust estate. The demurrer is of considerable length, and for present purposes it suffices to say that it is thereby asserted (1) that the bills are multifarious, in that each of them joins two separate causes of action against two defendants (in the manner hereinbefore indicated) and (2) the Chancery Court of Rutherford County has no jurisdiction of the person of defendant Dodson, he being a resident of Gibson County, and there being no ground of jurisdiction in the county of Rutherford shown in the bill.

But, the only indication in the record that the ruling of the Chancery Court on the demurrer as thus filed was at any time invoked is such inference as may be drawn from a recital in the final decree below, wherein (after the defenses of defendant Bank had been sustained) the decree recites that, "thereupon the cause came on to be heard upon the demurrer of the defendant A. R. Dodson incorporated in his answer by permission of the Court, and upon consideration of the same it is not considered well taken and the said demurrer and each ground thereof is overruled and disallowed."

It would seem to be a reasonable inference from the recital just quoted from the decree that the aforesaid demurrer of defendant Dodson was either overruled or waived, but with permission of the Court to further rely thereon by incorporating it in his answer.

A demurrer was incorporated in defendant Dodson's answer to each of the two bills, but, although stated in eight separately numbered paragraphs and in different forms, the sole ground of the latter demurrers is that the bills are *multifarious,* which does not

challenge the jurisdiction of the Court over the person of the demurrant; and this is especially true of a demurrer in an answer, for "the jurisdiction of the court cannot be objected to at the hearing, if the defendant has answered; unless, indeed, the case be one wholly unfit to be determined in a court of equity." Gibson's Suits in Chancery, (4 Ed.), sec. 542.

For the reasons stated, the assignments of error asserting that "the Court erred in overruling the defendant A. R. Dodson's demurrer as to the personal jurisdiction of the defendant A. R. Dodson" are overruled.

The remaining assignments of error, so far as we deem them material to the proper disposition of these cases, are directed to the Chancellor's findings of fact and his final decree. He filed no separate finding of facts.

The final decree is as follows:

"These two causes were heretofore consolidated by consent of all parties, and the consolidated causes came on to be heard on this 10th day of August 1938, at Chambers, Columbia, Tenn., before the Honorable Thomas B. Lytle, Chancellor, upon the original bills, the answers of the defendant Merchants State Bank and the answers of the defendant A. R. Dodson, the exhibits on file, the depositions on file, and the entire records, and the argument of counsel, from all of which it appears to the Court that the averments and equities alleged in the respective original bills are fully met and denied by the answers of the Merchants State Bank, and that there is no proof to support the averments, and no foundation in fact or in law to sustain the contention of the respective complainants in their respective bills as to the defendant Merchants State Bank. It is therefore ordered, adjudged and decreed by the Court that the respective original bills be and the same are dismissed as to the defendant Merchants State Bank, and the respective injunctions heretofore issued are dissolved, and the defendant Merchants State Bank may proceed to have execution issued from its respective judgments in the Circuit Court of Rutherford County. The respective complainants and the sureties on their respective prosecution bond will pay the costs of the cause incident to this phase of the cause as to the defendant Merchants State Bank, for which let execution issue.

"It further appeared to the Court that injunction bonds were executed in these causes by the respective complainants with L. M. Jetton as surety, each in the sum of Five Hundred Dollars, ($500.00), conditioned to pay such costs and damages as the Court may award on dismissing the respective bills, and the defendant Merchants State Bank having suggested to the Court that it has suffered damages by reason of the respective injunctions sued out in the respective causes, but that the amount of such damages cannot be determined until the return of the respective executions to the Circuit Court of Rutherford

County, and upon motion of the defendant Merchants State Bank the determination of this question is reserved, to be taken up on motion when the respective executions issued from the Circuit Court of Rutherford County have been returned to said court.

"Thereupon the cause came on to be heard upon the demurrer of the defendant A. R. Dodson incorporated in his answer by permission of the court, and upon consideration of the same it is not considered well taken and the said demurrer and each ground thereof is overruled and disallowed. Thereupon the cause came on to be heard upon the merits of the cause of action as to the defendant A. R. Dodson. As to the defendant A. R. Dodson, it is the opinion of the Court that A. R. Dodson as Trustee has failed to account for certain trust funds coming into his hands from the sale of several parcels of real estate from time to time, amounting in the aggregate the sum of $4330.79, and that Mrs. Ida L. Gregory has been deprived of the income from these funds from the dates of the respective sales, and according to the statement filed by A. R. Dodson as Trustee he is chargeable with the sum of $2077.63, interest from the dates of the respective sales, aggregating the sum of $6408.42. It is therefore adjudged and decreed that the complainant Mrs. Ida L .Gregory have and recover of the defendant A. R. Dodson, for the use and benefit of the trust estate, the sum of Forty-three Hundred Thirty and 79/100 Dollars ($4330.79) ; and that Mrs. Ida L. Gregory have and recover of the defendant A. R. Dodson individually, for her individual use and benefit, the sum of Two Thousand Seventy-seven and 63/100 ($2077-.63), and also all the costs of this cause, for which let execution issue."

The complainants appealed from so much and such parts of the foregoing decree as dismissed the respective original bills as to the defendant Merchants State Bank, and as "adjudged the costs of the cause incident to this procedure as to the Merchants State Bank against the respective complainants."

Defendant A. R. Dodson appealed from so much and such parts of the foregoing decree as overruled and disallowed his demurrer and as adjudged and decreed that the complainant Mrs. Ida L. Gregory is entitled to recover of him the sum of $4,330.79 for the use and benefit of the trust estate, and that Mrs. Ida L. Gregory is individually entitled to a decree against A. R. Dodson in the sum of $2,077.63, and as adjudges the cost against defendant Dodson.

The complainants' first assignment of error is that "the Court erred in dissolving injunctions restraining and prohibiting defendant, Merchants State Bank, from prosecuting suits against complainants on notes in the Circuit Court at Murfreesboro, and dismissing the bills as to the Bank in these consolidated causes, because said notes were procured by fraud, and are not valid obligations."

As before indicated, the two bills in the consolidated causes contain the same allegations with respect to the manner in which the afore-

said notes of complainants were procured, and these allegations may be seen from the first, third, fourth, fifth and sixth paragraphs of the original bill in case No. 245, in which complainants allege:

"That the Merchants' State Bank for many years carried on a general banking business at Humboldt, Tennessee; that, in all essential respects, it was a one-man bank, operated, managed and controlled by its president and/or cashier, A. R. Dodson; that in January, 1933, it closed its doors, and was taken over by the State Superintendent of Banks; that, under the direction of said State official, its charter was amended, new capital was acquired, new officers were elected, and it was again allowed to engage in a general banking business. The said A. R. Dodson was not reinstated, and he has not since had any official connection therewith. . . .

"III. Complainants further show that the original note, of which the note sued on purports to be a renewal, was fraudulently obtained in the following manner:

"That the said A. R. Dodson, brother of complainant Ida L. Gregory, occupied the dual relation and/or capacity of trustee for her in the management and control of property and funds inherited from her father, and of president and/or cashier of defendant Bank; that, as chief officer of said Bank, he managed, controlled, directed and operated it many years, at will; that as such trustee, he collected through the years large sums of money belonging to her, some of which he deposited to her individual credit in the defendant Bank, some of which he deposited to his own credit, as trustee, in said Bank, and much of which he applied to his own use; that, being advised repeatedly by her brother that she at all times had money in his hands and in said Bank more than sufficient to meet her needs, that she had hardly touched her part of the estate of her father, and to check at will against her account in said Bank, she had long been accustomed to draw checks whenever she needed money; that several years ago, desiring to lend her son, W. O. Gregory, money, and believing the representations of her brother to the effect that she had ample funds for that purpose and that he had recently sold some of her real estate for cash, she gave her son a check on said Bank, or an order on her brother—she does not now remember which—for about $1400.00

"That, upon presentation of said check or order for payment out of the funds belonging to her in said Bank, or in the hands of said trustee, the said A. R. Dodson, president and/or cashier of said Bank as aforesaid, after the money had been paid out on said check or order, represented that, for his protection in the settlement and distribution of the trust property after the death of the said Ida L. Gregory, she and her said son should execute a note, prepared by him, evidencing the amount thus advanced; that, having implicit confidence in the said A. R. Dodson, both in respect to his honesty and

business judgment, and understanding that the note was to be held by him as evidence of said loan and to protect him in the settlement of the trust estate, they were fraudulently induced to, and did, execute a note for said amount.

"IV. Complainants further show that they have no independent recollection as to how said original note was made payable, and, if payable to said Bank, they did not know, realize or understand that they were obligating themselves to the Bank. Likewise, they never realized or understood that the renewal note, if in fact signed by them, was payable to the Bank and constituted a renewal obligation to the Bank, and do not now admit executing it, preferring to wait until they have an opportunity to examine the signatures thereon.

"In any event, however, they say, and charge upon information and belief, that said Ida L. Gregory had ample funds in said Bank and/or in the hands of her brother at the time to cover the check drawn or order given; that the money advanced or loaned to W. O. Gregory belonged to her; that said money was not borrowed from nor furnished by the Bank, and they are definitely sure they never intended to borrow from the Bank, never intended to create obligations to the Bank, and Ida L. Gregory would not have undertaken to lend her son money if she had known or understood that she did not have funds available for that purpose but would have to borrow from the Bank. Consequently, said note was obtained by fraud of the Bank's chief officer, was without consideration, and the suit at law in the Circuit Court at Murfreesboro should be enjoined and the note sued on cancelled by order of this Court. Said renewal note, if signed by complainants, is affected by the fraud that induced the execution of the original note, and the continuing fraud of the Bank's chief officer, and stands in no better position than said original note.

"V. Complainants further show, as a further badge of fraud, that the original note, and likewise the renewal note, was never presented for payment nor interest demanded until after the Bank failed in January, 1933. The face of the note now sued on evidently includes accumulated interest from the date of the original transactions. Also, upon information and belief, they charge that neither the original note nor any renewal thereof was ever delivered to the Bank and listed and carried amongst its assets until just before the Bank closed its doors in 1933, but was kept by the said A. R. Dodson in his own possession and under his own individual control until it became necessary to use it for the purpose of reducing his individual indebtedness or shortage to the Bank. At that time the note was past due, and the Bank, never having paid out any money on the strength of said note, cannot now occupy the status of an innocent party; and likewise, said note having been obtained by fraud of its chief officer, the Bank cannot stand higher than its officer, The Bank and the said A. R. Dodson are therefore, called upon to

disclose in their answers just when the note, signed by complainants, was first noted on the record of the Bank and carried as an asset of the Bank; to disclose and exhibit complete records of the accounts in the Bank in the names of Ida L. Gregory or Mrs. W. H. Gregory, and A. L. Dodson, Trustee, respectively, showing the items of deposits and withdrawals, and, as far as possible, to whom checks were made payable, and to exhibit any cancelled checks in their possession, or the possession, of either of them, that may have been drawn against either account. Delivery of said note to the Bank for any purpose, and especially for his individual use, was fraudulent.

"VI. Complainants further show that A. R. Dodson, named trustee in a deed executed by his father conveying very valuable real estate for use of Ida L. Gregory for life, with remainder to her children, has, for thirty-odd years, had full and entire control of said trust property, and, under his power of sale for reinvestment, has sold the greater part of said real estate and misapplied the proceeds. Likewise, he was named one of the executors of his father's will, and, informing his sister that he was made trustee over her one-fifth interest in her father's estate, he assumed the position of trustee, took charge of her said interest, and has ever since managed and controlled it until a new trustee was appointed after January, 1933. Much of this inherited property has also been used by him for his own purposes before and after deposit in said Bank. Furthermore, during more than thirty years since the death of the father of Ida L. Gregory the said A. R. Dodson has made many and sizable deposits to himself as trustee, and in the name of Ida L. Gregory, in said Bank, and complainants charge, upon information and belief, that more than $11,000.00 deposited in the trustee account, and more than $6,000.00 deposited in her individual account, still remains in said Bank, or has been drawn out by the said A. R. Dodson for his own use and purposes. Therefore, since the said A. R. Dodson was the chief managing officer of the Bank and necessarily had guilty knowledge of his wrongful withdrawals and misapplication of trust funds, the Bank itself had knowledge of said wrongful and fraudulent acts, and is jointly liable with A. R. Dodson to complainants for said amount, and complainants are entitled to recover from both defendants the sum thus improperly used or misapplied; and if said note should be held a binding obligation to the Bank, an amount of said recovery to the extent of said note should be set off against it.

"Wherefore, the proceeding at law in the Circuit Court at Murfreesboro, Tennessee, should be enjoined and the note sued on cancelled, and the said Bank and A. R. Dodson should be required to account for all such funds and recovery had therefor."

The answers of defendant Bank fully respond to, and traverse, with much circumstantiality of detail, each and every allegation of the bills which tend to charge fraud in the procurement of said notes,

or the lack of a full consideration therefor paid out of the assets of the Bank, by way of loans to the complainants.

■ We have carefully read and considered all the evidence in this somewhat voluminous record, and we are of the opinion that the decree of the Chancellor dissolving the preliminary injunctions, and dismissing the complainants' bills as to the defendant Bank, is well supported by the clear preponderance of the evidence. We find that the notes in question were executed by the respective complainants whose names appear thereon as makers; that they were renewals of notes executed originally by the same makers for loans made to them by defendant Bank out of the funds of the Bank, without fraud or deception on the part of any one, and that complainants knew that the original notes were held by, and owing to, *the Bank* at the time said renewal notes were executed by them to the Bank.

■ It would extend this opinion to an unreasonable length to review all the evidence herein, and this is unnecessary. The statute, Code section 10620, requiring this Court to make written findings of facts in chancery cases, contemplates that we shall find the ultimate determinative facts, and it is not required that we shall set forth all the evidentiary facts upon which our conclusions of fact are based. Melody v. Hamblin, 21 Tenn. App., 687, 704, 115 S. W. (2d) 237; Julian v. American National Bank, 21 Tenn. App:, 137, 163, 164, 106 S. W. (2d), 871; Badger v. Boyd, 16 Tenn. App., 629, 645, 65 S. W. (2d), 601. The complainants' first assignment of error, supra, is overruled.

Through their second and third assignments of error, the complainants assert that (a) "the Court erred in not awarding a recovery for complainants against defendant, Merchants State Bank, for trust funds misappropriated by its President and/or cashier, A. R. Dodson," and (b) "the Court erred in declining and refusing to award a joint and several judgment for complainants against defendants for trust funds misappropriated by the Bank's officer."

On the other hand, defendant Dodson, through his assignments of error, challenges the aforesaid judgments rendered against him by the Chancellor.

Without setting out herein defendant Dodson's somewhat lengthy assignments of error, we think certain material and determinative questions, which will be next considered, are within the scope of defendant Dodson's assignments of error.

■ ■ We are of the opinion that the Chancery Court of Rutherford County was without jurisdiction to require an accounting of defendant Dodson's administration of the trust estate in these cases, and to render the aforesaid judgments against him, for at least two reasons, one of which is that the jurisdiction of the Rutherford County Chancery Court rested *solely* upon the fact that the bill sought to enjoin actions pending in the Circuit Court of Rutherford County

(Code, sec. 10388), and when it turned out that, for defect of proof, the injunction could not be granted, the Court was without jurisdiction to proceed further. "When the jurisdiction fails, all the power of the court also fails, except to give judgment for costs." Union Planters' Bank & Trust Co. v. Memphis Hotel Co., 124 Tenn., 649, 665, 666, 139 S. W., 715, 719, 39 L. R. A., (N. S.), 580. Accordant: Wimer v. Wagner, 323 Mo. 1156, 20 S. W. (2d), 650, 79 A. L. R., 1231, 1239.

The jurisdiction does not exist "when the whole foundation on which it rests is either disproved, or it is shown to be a colorable disguise for the purpose of changing the forum of the litigation." 1 Story's Eq. Juris., (13 Ed.), sec. 74.

It is sometimes broadly stated that when a chancery court has jurisdiction for one purpose, it will take jurisdiction for all purposes; but this means all purposes "incidental to its jurisdiction of the main subject." Richi v. Chattanooga Brewing Co., 105 Tenn., 651, 653, 58 S. W., 646; Union Planters' Bank & Trust Co. v. Memphis Hotel Co., supra; 19 Am. Juris., page 132, sec. 132.

It is obvious that, in the cases at bar, the Chancery Court of Rutherford County had no jurisdiction, except such as it acquired by virtue of its statutory power to enjoin the actions in the Circuit Court of that County, and when that jurisdiction failed, for defect of proof, all the power of the Court failed, except to give judgment for costs. Union Planters' Bank & Trust Co. v. Memphis Hotel Co., supra.

We have not overlooked the fact that the *incidental relief* sought in the case of Union Planters' Bank & Trust Co. v. Memphis Hotel Co., supra, was a recovery for unliquidated damages to property—a matter not cognizable in a court of equity; but the rule there applied is likewise applicable to matters of equitable cognizance.

"The Chancellor cannot decide matters, whether legal or equitable, which have no connection with the subject giving the jurisdiction." Case note, 116 Am. St. Rep., page 880.

"The rule which permits the Court of Chancery to retain jurisdiction of litigation and finally dispose therof is limited in its application to cases . . . in which the jurisdiction of the Court has been rightfully invoked." 19 Am. Juris., page 132, sec. 132.

We are further of the opinion that H. W. (Watt) Gregory, the successor of defendant Dodson as trustee as aforesaid, was a necessary party to the accounting with the defendant Dodson, his predecessor as trustee, and the record discloses no right in Mrs. Ida L. Gregory to recover the judgment rendered by the Chancellor against defendant Dodson.

The trust estate in question was created by deed of W. H. Dodson, a resident of Gibson County, Tennessee, executed and acknowledged for registration on September 1, 1899, and duly registered in the Register's Office of Gibson County.

The terms of the trust thus created were declared in that part of said deed which we here quote as follows:

"Know all men by these presents that I, W. H. Dodson, of Humboldt, Tennessee, in consideration of One Dollar in hand paid, and the further consideration of the love and affection that I have for my daughter Mrs. Ida L. Gregory, of Rutherford County, Tennessee, do hereby give, transfer and convey to my son, Albert R. Dodson, as Trustee, the following real estate hereinafter described, to be held, controlled and used by said Trustee, for the use and benefit of my said daughter, Mrs. Ida L. Gregory, for and during her natural life; the rents issues and profits of said real estate to be collected by said Trustee and the net income therefrom after the payment of taxes, insurance, and repairs to be paid over to the said Ida L. Gregory during her natural life and at the death of the said Ida L. Gregory the property hereby conveyed to go to and vest in her children, share and share alike and if any child be dead, leaving children, such children to represent the deceased parent.

"The said Albert R. Dodson, Trustee, is hereby given and is hereby vested with full power and authority to sell and convey any or all of said real estate herein conveyed for the purpose of reinvesting the proceeds thereof in any other real estate and the power and authority hereby given him to sell the property herein conveyed is also given him to sell and convey such property as he may purchase for the investment, upon investing in any other real estate he will take the title just as the title to the said property is hereby vested under the instrument. No responsibility is to rest upon any purchaser from the said A. R. Dodson, as such Trustee, for any reinvestment or failure to reinvest.

"The said A. R. Dodson, as such Trustee, shall not be required to execute bond as such. The necessity of his giving bond being hereby expressly waived. The said A. R. Dodson, Trustee, is hereby given authority to appoint a Trustee in his room and stead with all the powers herein given him, which appointment he can make by will or otherwise. The duties of said new trustee to begin at such time as said A. R. Dodson may direct."

The complainants allege in their bills that "a new trustee was appointed after January, 1933," and it is disclosed by the proof that H. W. (Watt) Gregory, a son of the complainant Mrs. Ida L. Gregory, is now the trustee, as the successor, and in the room and stead of, defendant A. R. Dodson.

Upon the discharge of the first trustee, the title to the trust property was, by implication of law, transferred to and vested in his successor. Wooldridge v. Planters' Bank, 1 Sneed, 297, 302; Bransford Realty Co. v. Andrews, 128 Tenn., 725, 731, 164 S. W., 1175; East Tennessee Coal Co. v. Taylor, 131 Tenn., 11, 15, 173 S. W., 433; Corp v. Olmstead, 154 Tenn., 513, 518, 290 S. W., 31.

582

■ "Although not accountable for the defaults or misconduct of his predecessor, a new trustee succeeds to all the duties and obligations of his predecessor, and must obtain all the property that belongs to the trust estate, and do everything necessary to protect it." 65 C. J., pages 674, 675, sec. 536.

■ "It is the right and duty of the trustee, and of him alone, to proceed, by suit, or other legal proceeding, if necessary, to collect or reduce to possession the property and assets belonging to the trust estate." 65 C. J., pages 685, 686, sec. 551.

■ And the substituted trustee will be required to account to the beneficiaries. 65 C. J., page 886, sec. 785.

■ "In a court of equity . . . the trustee is always an indispensable party." In re E. T. Kenney Co., D. C., 136 F. 451, 455, and other cases there cited.

The record shows that the present trustee (H. W. Gregory) is in full sympathy with the cestuis que trustent, and there is no suggestion on the record that he has refused to sue defendant Dodson for an accounting, etc.

For the reasons stated herein, the decree of the Chancery Court dismissing the complainants' suits against defendant Bank is affirmed; and the judgments against defendant A. R. Dodson are reversed, and the complainants' suits are dismissed.

The costs of the cause, including the costs of the appeals, are adjudged against the complainants and the surety on their appeal bond.

Crownover and Felts, JJ., concur.