TENNESSEE PUBLISHING COMPANY *v.* GUSTON T. FITZHUGH.

(*Nashville,* December Term, 1931.)

Opinion filed July 23, 1932.

(1)

LOWELL W. TAYLOR, for plaintiff in error.

J. ELMORE HOLMES, J. WALTER CANADA, CHAS. C. TRABUE and THOS. H. MALONE, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This suit was brought against Minnesota & Ontario Paper Company and Fitzhugh to recover for damages to the business of plaintiff, alleging that the Paper Company, and its attorney, Fitzhugh, had conspired to injure and destroy plaintiff by maliciously prosecuting a suit against plaintiff and asking for a receiver in the Chancery Court at Nashville, showing that pursuant to this conspiracy the suit, based on a large overdue claim by account, was brought and was still pending, the appointment of a receiver, however, having been applied for and declined.

The trial Judge, holding the suit to be in effect an action to recover damages for malicious prosecution, and that no such action could be maintained until determination of the alleged malicious prosecution, sustained defendants' plea and dismissed the suit.

The Court of Appeals has reversed, saying, after quoting expressions from *McKee* v. *Hughes,* 133 Tenn., 459, and other authorities, "These cases show that all that is necessary in an action of this character is to show conspiracy with wrongful intent to ruin the plaintiff and some steps to carry out that intention and damages resulting from some overt act, such as the institution of a proceeding causing damages. It is not necessary that the said proceeding should be terminated, or if terminated,

4

that it should be in favor of the plaintiff." *Certiorari* has been granted and argument heard.

■ The expression relied on from *McKee* v. *Hughes, supra,* is this: "A 'civil conspiracy' may be defined to be a combination between two or more persons to accomplish by concert of action an unlawful purpose, or to accomplish a purpose not in itself unlawful by unlawful means; the damage caused being the gist of any action."

The concluding words qualify what has gone before. The "gist,"—that is, "the essential ground or object of the action in point of law, without which there would be no cause of action,"—is the damage. Rawles Bouvier (1914 Ed.), Gould, Pl. C. 4, Par., 12; *Hathaway* v. *Rice,* 19 Ver., 102.

■ The damage being the gist of the action, and the "gist" being "the cause for which an action will lie; the ground or foundation of a suit, without which it would not be maintainable," (*First Nat'l Bank of Florida* v. *Burkett,* 101 Ill., 394, 40 Am. Rep., 209), actionable damage must be alleged, and must be shown to be recoverable as of the time of the bringing of the action.

In the case before us, the sole basis for the right to recover damages is the alleged malicious prosecution, without probable cause, of the suit brought in the Chancery Court of Davidson County. This damage cannot be recovered until the termination of that suit, the right to such damage being dependent on its determination. Not having been so determined, the trial Judge held this action to be premature.

The early case of *Kirtley* v. *Deck,* 2 Munsford (Va.), 10, 5 Am. D., 445, was an action for conspiracy, in which it was said that the allegations of conspiracy were "mere surplusage, intended as matter of aggravation," that it

was the damage done the defendant by the bringing of the alleged malicious prosecution which was the ground of the action; and the opinion quoted Lord Mansfield, "that the essential ground of an action for a malicious prosecution is that a legal prosecution has been carried on without any probable cause," etc. This case was followed and approved in *Spangler* v. *Dary,* 15 Gratt (Va.), 396.

 It is, of course, well settled that a suit to recover damages for malicious prosecution is not maintainable until determination of the basic action. *Swepson* v. *Davis,* 109 Tenn., 99; *Boyce* v. *Early-Stratton Co.,* 10 Tenn. App., 545. We do not understand the learned writer of the Court of Appeals opinion, to question this rule as applicable to a suit for malicious prosecution, but to reject its application in the instant case on the theory that "this is not a suit for malicious prosecution, but an action for damages resulting from a conspiracy to injure and destroy the plaintiff."

 Now if, when analyzed, the essential ground, the "gist," of an action to recover damages, although charging conspiracy, as here, is found to be a malicious prosecution, the distinction drawn appears to us to lack support, and it would seem to follow that the action cannot be maintained during the pendency of the alleged malicious prosecution.

 This view is supported by well established principles governing all civil actions for conspiracy. In the leading and frequently cited case of *Robertson* v. *Parks,* 96 Md., 118, 135, it is said:

"It is a general rule, that a conspiracy cannot be made the subject of a civil action, unless something is done

6

which, without the conspiracy, would give a right of action. The damage done is the gist of the action, not the conspiracy. When the mischief contemplated is accomplished, the conspiracy becomes important, as it may affect the means and measure of redress. The party wronged may look beyond the actual participants in committing the injury, and join with them as defendants all who conspired to accomplish it; and the fact of conspiracy may aggravate the wrong; but the simple act of conspiracy does not furnish a substantive ground of action. *Kimball* v. *Harman,* 34 Md., 407; *Cotterell* v. *Jones,* 11 C. B., 713; Cooley on Torts, 125.

And, in *Nalle* v. *Oyster,* 230 U. S., 165, 57 L. Ed., 1439, Mr. Justice Pitney said, "the well-settled rule is that no civil action lies for a conspiracy unless there be an overt act that results in damage to the plaintiff," citing numerous cases.

The rule is thus well stated in 5 R. C. L., 1091, Sec. 41: "Accurately speaking there is no such a thing as a civil action for conspiracy. There is an action for damages caused by acts pursuant to a formed conspiracy, but none for the conspiracy alone. While the crime of conspiracy may be committed without doing any overt act in pursuance of the combination, no civil liability is incurred by the conspiracy, but only for the overt acts of the conspirator."

In this connection it will be noted that by statute in Tennessee it is only when the conspiracy agreement is to commit a felony on the person of another, or arson or burglary, that prosecution will lie, unless the agreement is followed by an overt act. In other words, in this and most other jurisdictions, no liability arises for either

a civil or criminal conspiracy, unless action follows, except in cases of certain felonies.

In the view taken it becomes non-essential to determine whether the instant suit is primarily one for conspiracy, or for malicious prosecution. The result is the same, since if for conspiracy it is nevertheless dependent for the damage on the determination of the action for malicious prosecution, the damage so dependable being the gist of the action for conspiracy. This is in accord with the definition above quoted from *McKee* v. *Hughes, supra.*

The general alternative statement relied on that an actionable conspiracy arises upon a combination "to accomplish by concert of action an unlawful purpose," is qualified by, "the damage caused being the gist of any action." So that, not only must a combination be alleged to accomplish an "unlawful purpose," but also "damage caused" thereby must be alleged. And no *present* basis for a recovery of damage caused by the bringing of a malicious prosecution could be shown, so long as the prosecution is pending.

Learned counsel for plaintiff in their final brief submit this language from *Stewart Land Co.* v. *Perkins,* 234 S. W., 653: "The conspiracy in the first instance being unlawful and wrongful, any act in pursuance thereof would be wrongful, and, *if damages result,* an action would lie." We have italicized an essential condition of the right to maintain "an action." No suit for damages predicated on injuries inflicted by a malicious prosecution can be maintained until a final adjudication of the prosecution.

That a suit for "conspiracy to prosecute maliciously or the like" must have been terminated favorably to plaintiff before the bringing of the suit is stated in the

8

text in 12 C. J., 588, Section 109, citing cases. See also idem, pages 584-5.

In the view we take of the nature of this suit as essentially based on the undetermined suit in the Chancery Court, the cases relied on and quoted from by the Court of Appeals are not *contra,* since they do not deal with the determinative point that this suit is premature. The case of *Martell* v. *White,* 185 Mass., 255, 102 Am. St. R., 341, relied on by counsel for the proposition that, ''the unlawfulness of the conspiracy may be found either in the end sought, or in the means used,'' was not one in which the damages were predicated on a malicious prosecution, and it is not therefore in point on the determinative question now under consideration.

Counsel for plaintiff in a brief filed since the argument resolves the issues to the ''sole question . . . . whether the declaration states a cause of action for conspiracy or malicious prosecution.'' Since, as already shown, conspiracy alone is not actionable, and since the only supporting basis shown for recovery of damages is the bringing of the malicious prosecution, and since a suit therefor cannot be maintained pending the prosecution, we are constrained to agree with the trial Judge that the action is premature and, reversing the Court of Appeals, dismiss the suit.