Owens *et al. v.* State.

(*Knoxville*, September Term, 1941.)

Opinion filed October 11, 1941.

S. RAULSTON SCHOOLFIELD, of Chattanooga, for plaintiffs in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

Plaintiffs in error, Lester Owens and Lawrence Stogsdill, hereinafter referred to as defendants, were charged by indictment with a conspiracy to commit the indictable offense of unlawfully selling at retail, alcoholic beverages, to-wit, whisky, without paying the license fee therefor, "and in furtherance of and to effect the object of said conspiracy, they established, in the City of Chattanooga, Hamilton County, Tennessee, a place of business for such sale of such whisky, and for such purposes, placed therein a stock and store of . . . whisky in retail containers . . ." Upon their trial, the jury found defendants guilty and assessed their punishment at a fine of $50 each, to which the court added thirty days imprisonment in the county workhouse for each defendant.

Defendants have appealed to this court and two propositions are relied on for a reversal of the judgment: (1) That there is no evidence of a conspiracy between defendants to commit any overt act in violation of law regarding the sale of intoxicating liquor, and (2) that there can be no conspiracy to commit a misdemeanor.

With respect to the first of the above contentions, the

record discloses that certain officers of the Finance and Taxation Department of the State of Tennessee, being chargeable with the enforcement of the laws against the unlawful sale of intoxicating liquor without a license, acting under a search warrant, entered the premises occupied by defendants and found 209 pints of stamped whisky, admitted by defendants to be their whisky. According to the testimony of these officers they had previously observed from a point across the street from the premises in question and saw through the lighted windows of the place, defendants receive telephone calls and immediately go to a cabinet in the room and take a bottle containing some character of fluid, put it in a sack, hand it to a delivery boy, who would carry it away, using a motorcycle or automobile. After observing these activities for some time, the officers procured a search warrant and searched the room where defendants were operating, with the results above stated. The officers testified that defendants admitted the ownership of the whisky found in this room. The officers found a number of cards giving the telephone number of defendants, the prices at which they sold liquor; and a number of records indicating the total amount of sales.

Defendants did not testify in the case, or offer any evidence in their own behalf.

From the facts proven in the case, we think that the jury was warranted in concluding that a conspiracy actually existed between the defendants for the unlawful sale of intoxicating liquor in violation of law. As stated in Vol. 11, Am. Jur., pp. 544, 545, ''The agreement, however, need not be of any special form; it need not be in writing or in any other express form. In fact, the agreement is almost always a matter of inference deduced from

the acts of the persons accused which are done in pursuance of any apparent criminal purpose.''

■ With respect to defendants' contention that there can be no conspiracy to commit a misdemeanor, we think this to be wholly without merit. Code, section 11064 reads, in part, as follows: ''The crime of conspiracy may be committed by any two or more persons conspiring: (1) To commit any indictable offense; . . .'' The sale of intoxicating liquor by any one not licensed by the State to do so, is a misdemeanor. Ch. 49, Public Acts 1939.

It is argued on behalf of defendants that there can be no conspiracy to commit a misdemeanor because all persons taking part in a misdemeanor are indictable and punishable as principals. This contention loses sight of the fact that the formation of a conspiracy is in itself a crime separate and distinct from the completed offense which was the purpose of the conspiracy, and is not merged in the completed crime, when the latter is consummated.

Code, section 11066 reads as follows: ''No agreement shall be deemed a conspiracy unless some act be done to effect the object thereof, except an agreement to commit a felony on the person of another, or to commit the crimes of arson or burglary.''

■ Under this statute, it is only when the conspiracy agreement is to commit a felony on the person of another, or arson or burglary, that prosecution will lie, unless the agreement is followed by an overt act. *Tennessee Pub. Co.* v. *Fitzhugh*, 165 Tenn., 1, 52 S. W. (2d), 157.

In Vol. 11, Am. Jur., p. 549, the rule is thus announced: ''The rule appears to be well settled in most jurisdictions that a conspiracy to commit a crime is not merged

in the commission of the completed offense, but is a distinct offense of itself and punishable as such, notwithstanding its object, the attempted crime, has been accomplished. This is the universal rule where the conspiracy and the executed act are crimes of equal grade, and also seems to be generally true now regardless of whether the conspiracy or its object is regarded as the same grade of offense or the one is regarded as of a higher grade than the other, as where one is a felony and the other a misdemeanor. Some of the cases have stated, mostly by way of dictum, that where a conspiracy is a misdemeanor and its object, the substantive crime, a felony, the conspiracy would merge in the substantive crime; but this doctrine has seldom been actually applied and seems now to have been generally abandoned." To like effect, see 12 C. J., p. 579, 15 C. J. S., Conspiracy, section 76.

Our conclusion is that the assignments of error are without merit and the judgment of the trial court must be affirmed.