C. D. DeWees, Jr., and Arliss B. Armstrong

*v.*

State of Tennessee.

390 S.W.2d 241.

(*Jackson*, April Term, 1965.)

Opinion filed May 7, 1965.

C. P. J. Mooney, Memphis, for plaintiff-in-error Armstrong.

LEE A. HARDISON, Memphis, for plaintiff-in-error De Wees.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, for the State.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

DeWees and Armstrong were convicted of a conspiracy to violate the Securities and Exchange Law of this State (T.C.A. sec. 48-1601 et seq.). They were each sentenced to serve six months in the workhouse of Shelby County and to pay a fine of $1,000.00.

There are numerous assignments of error, but from the view we take of the case it will not be necessary to reply to these assignments seriatim, or in particular, with the exception of one assignment, which will become apparent from what will be hereinafter said.

Securities act, such as the one herein involved, popularly called "blue-sky laws", prohibiting the unfettered sale of stocks, bonds, or other securities, are in

effect in Federal jurisdictions as well as practically all State jurisdictions. Such acts are remedial in character, designed to prevent frauds and impositions upon the public, and consequently should be liberally construed to effectuate the purpose of the acts.

Four people were indicted under this indictment, to-wit, C. D. DeWees, Sr., C. D. DeWees, Jr., Arliss B. Armstrong and Sidney Staggs. The jury, after the trial of this case, acquitted C. D. DeWees, Sr., and Sidney Staggs, and found the two plaintiffs in error guilty as shown in the first paragraph hereof. The indictment is based entirely on the allegation of a wilful conspiracy to violate the Act in question. In the indictment only Sidney Staggs is charged with an overt act of unlawfully offering for sale on June 15, 1961, certain securities hereinafter detailed when the same had not been registered as provided by T.C.A. secs. 48-1608 through 48-1614. As said above, he was acquitted. There is no other charge in the indictment or proof of an overt act.

The two plaintiffs in error organized the Southern Cooperative Stores, Inc., and 12,000 shares of stock were issued. Of this 12,000 shares DeWees owned 5,500 and Armstrong 5,500, and DeWees, Sr., owned a 1,000 shares. The purpose of this corporation was to provide merchandise to people who purchased membership in the organization at a price advantageous to the members. Price per membership was $100.00, plus $10.00 for "paper work" and $10.00 for financing the purchase price through a finance organization.

These plaintiffs in error employed an attorney of the Memphis Bar to effectuate the corporation and to give them legal advice. They were advised that they could not sell shares of stock in the corporation until such time as

the stock had been registered with the Tennessee Department of Insurance and Banking, and it is clearly shown by the record herein that they at least generally knew this fact.

Sidney Staggs, who was acquitted by the jury herein, was employed by these plaintiffs in error to sell memberships in this corporation. He was not their first salesman, but at the time of his employment the plaintiffs in error had a Sales Manager by the name of Stewart who trained Staggs as a salesman for the corporation. (Stewart was not available as a witness and did not testify herein.)

Prospective purchasers of memberships in the corporation were told that the first thousand members would be honorary members and would be entitled to certain privileges not available to other members. One particular privilege promised this class of members was that when the corporation had reached a sufficient stage in its development, to be determined by the plaintiffs in error, they would be given a share of stock in the business which would entitled them to share in the profits. Staggs testified that he was trained and instructed to make sales in this manner, not only by the Sales Manager, Stewart, but by the plaintiffs in error as well. Staggs likewise says that he was told by the plaintiffs in error that he could not offer stock to the public but that he could tell them that they (the honorary members) were going to be owner-members in the corporation.

The record shows to our satisfaction, as it did to the jury, that by the brochure, which was shown the prospective purchasers, they clearly could infer, if they were not told, and some of them were told, that they were to be owners of the corporation and not merely members of an organization entitled to buy merchandise at a dis-

count. Staggs, as a salesman, made a sale to a Mrs. Weyland on June 15, 1961, and as alleged in the indictment he told her of the advantages of membership in the corporation, and told her that she would be entitled to stock in the company. Later on, she talked to Mr. DeWees, Jr., about this, and he then told her that this apparently had been misrepresented to her but in the same breath, almost, he explained to her future plans of the corporation, and she became very enthusiastic and wanted to take part in the activities.

Clearly, under this record there is an overt act shown on behalf of Staggs, which would violate the provisions of this "blue-sky law". There is no evidence though of any overt act on the part of the two plaintiffs in error. Of course, from the evidence in this record a jury certainly was justified in inferring that these plaintiffs in error intended Staggs to represent the sale of these memberships as he did for purpose of inducing people to buy memberships in the corporation and to advise them that the prospective purchasers of the first 1,000 memberships would be given shares of stock at a later date. These plaintiffs in error did expressly advise their salesman that they could not offer stock in the corporation for sale until the same had been registered with the proper department, but it was a question for the jury under all the proof to determine under the circumstances herein whether or not these two plaintiffs acted in concert toward this end.

The fly in the ointment in sustaining these convictions comes about by the fact that the jury acquitted Staggs who is alleged to be the only co-conspirator in the indictment who committed the overt acts relied upon in the furtherance of the conspiracy.

T.C.A. sec. 39-1102 provides:

"No agreement shall be deemed a conspiracy unless some act be done to effect the object thereof, except an agreement to commit a felony on the person of another, or to commit the crimes of arson or burglary."

This Court said in *Tennessee Pub. Co. v. Fitzhugh*, 165 Tenn. 1, 52 S.W.2d 157:

"* * * it is only when the conspiracy agreement is to commit a felony on the person of another, or arson or burglary, that prosecution will lie, *unless the agreement is followed by an overt act*. In other words, in this and most other jurisdictions, *no liability arises for either a civil or criminal conspiracy,* unless action follows, except in cases of certain felonies." (Emphasis supplied.)

At a later date this Court in *Owens v. State*, 178 Tenn. 32, 154 S.W.2d 529, reiterated this point.

Thus, it is, we have by statute a clear enactment that for a criminal conspiracy to stand there is a necessity that an overt act be performed by one of the conspirators. Here the only one charged in the indictment with an overt act is Staggs. The only one shown in the proof to have committed an overt act is Staggs, and yet Staggs is acquitted by the jury of having committed this act or any other. How then can a conviction of two other charged conspirators be upheld when an overt act is necessary for conviction of them as conspirators when the jury has found that the only person charged with committing this overt act is not guilty?

Counsel for the plaintiffs in error cites a number of cases in his argument that since Staggs was acquitted

these plaintiffs in error must likewise be acquitted. Among these cases is that of *Herman v. United States* (1961), 5 Cir., 289 F.2d 362. In this case the writer of the opinion 289 F.2d at page 367, says this:

"To complete the crime of conspiracy at least one of the conspirators must be charged with the performance of at least one overt act in furtherance of the conspiracy." (A number of decisions from United States courts are cited.)

Then this court goes on and sets forth the facts wherein the jury acquitted the defendants in that case of the only overt act submitted to that body on that question, and then says this:

"Even though the facts do not disappear, an essential element for conviction of conspiracy *has* disappeared: the necessity that the overt act be performed *by one of the conspirators.* * * That finding erased the slate of any overt act performed by a conspirator."

The language, "That finding", refers to the fact that the two conspirators charged with an overt act had been absolved of any responsibility by the jury.

The Supreme Court of California in *Ex Parte Johnston,* 3 Cal.2d 32, 43 P.2d 541, in a case where the conspirators in that case were alleged to have conspired to violate the provisions of the Security Act of that State made a similar ruling. In this California case there were a number of counts in which overt acts were charged and the jury in every one of the counts found in favor of the defendants. That court held then that since the overt acts had been decided in their favor they could not be held under the conspiracy count. That court in part said:

"But we cannot construe it to mean that an indictment or information charging conspiracy is sufficient without the allegation of an overt act, nor that such an indictment or information furnishes the basis for a judgment of conviction when the defendant has in fact been acquitted of every overt act alleged."

The State in the instant case insists that this Federal case and other cases cited are not in point because the person or persons acquitted of the overt acts relied upon to support the convictions there were not employees of the other conspirators as was true in the instant case. The State likewise says that these cases were based upon 18 U.S.C.A. sec. 371. As we see it though this part of the Federal Code, or the mere fact that Staggs was an employee of these alleged conspirators, makes no difference, in so long as he, Staggs, is the only one charged with having committed an overt act, especially in view of our statute hereinbefore cited, T.C.A. sec. 39-1102, that an overt act must have been committed by one of the conspirators before the crime of conspiracy will lie.

█ The State frankly admits that this Court has followed an analogous principle to that herein discussed in dealing with the problem of the prosecution of accessories before the fact without first convicting the principal, citing *Pierce v. State,* 130 Tenn. 24, 168 S.W. 851. We have read this case in addition to many others and are convinced that the reasoning in the Pierce case likewise supports our conclusion here that when Staggs the perpetrator of the only overt act is acquitted then these principals must likewise be acquitted. In the Pierce case this Court said:

"If we should concede that the evidence in the present case was relevant to the issue made by the indictment,

and the defendant's plea of not guilty, the conviction in this case could not be sustained for the reason that the principal offender was acquitted of the charge."

The State likewise argues that since we held in *State v. Smith*, 197 Tenn. 350, 273 S.W.2d 143, that under the common law it was not necessary to allege an overt act in the furtherance of a conspiracy, that it was only necessary to allege the commission of an overt act in the furtherance of a conspiracy when required by statute. We read and understand this argument to mean that it was not necessary for an overt act to be committed by one of the conspirators before a conviction could be upheld. We have carefully considered this matter and in view of the fact that this indictment was a conspiracy indictment and that the only person charged or proven to have committed an overt act was acquitted by the jury hold that a conviction against the plaintiffs in error cannot stand.

The case, therefore, as to them is reversed and dismissed.