Thomas H. JACKSON, for the Use and Benefit of the BOHAN GROUP, INC., and Thomas H. Jackson, Individually, Plaintiffs/Appellants,

v.

David BOHAN and Bohan Agency, Inc., Defendants/Appellees.

Court of Appeals of Tennessee, Middle Section, at Nashville.

April 16, 1993.

Application for Permission to Appeal Denied by Supreme Court Aug. 2, 1993.

Stanly T. Snodgrass, Nashville, for plaintiffs/appellants.

Nader Baydoun, John I. Harris, III, Nashville, for defendants/appellees.

## OPINION

TODD, Presiding Judge.

The plaintiff, Thomas H. Jackson, has appealed from a non-jury judgment dismissing his suit against the defendants, David Bohan and Bohan Agency, Inc., and assessing attorney's fees against plaintiff.

–History of the Dispute–

For a number of years prior to 1986, plaintiff was the sole stockholder of a corporation named Tom Jackson and Associates, which was in the business of public relations, meeting planning and advertisement.

Plaintiff and defendant, Bohan, agreed to organize a corporation to be known as Bohan Group. A pre-incorporation agreement was signed by the parties in the following form:

David Bohan, President

Thomas H. Jackson, Secretary–Treasurer

The agreement provided that Bohan would own 60% of the corporate stock; that Jackson would own 40% of the corporate stock; that Bohan and Jackson would be the directors and president and secretary-treasurer respectively; and that salaries of both would be budgeted, but Jackson's salary would be deferred "until profits are attained."

The corporation was duly incorporated in August, 1986, when the stockholders elected the directors and the directors elected officers in accordance with the agreement. The record contains no by-laws. The charter is silent on salaries.

From August, 1986, until January 15, 1990, the corporation was managed by Bohan who was paid salary according to budgets which Bohan claims Jackson approved; but Jackson denies seeing or approving the budgets. The Trial Judge found that Jackson knew about and acquiesced in the budgets, none of which included any salary for Jackson.

During part of this time, Tom Jackson and Associates furnished office facilities and services and "sub-contracted" some of its advertising business to Bohan Group, Inc.

On January 15, 1990, at a called meeting of the stockholders, Bohan voted his majority share of the stock in favor of dissolving Bohan Group, Inc., and in favor of the following procedure of dissolution:

(1) That the Bohan Group, Inc., a Subchapter S Corporation, conclude its business, pay its bills, and collect its receivables. Further moved that:

(a) Any services provided to the clients of the Bohan Group, Inc., through January 15, 1990, be billed by the Bohan Group, Inc., and collected along with all other remaining receivables.

(b) In order to accomplish the tasks necessary for dissolution, the Bohan Group, Inc., will utilize the services of the Bohan Agency, Inc., beginning January 16, 1990. The Bohan Group, Inc., will compensate the Bohan Agency, Inc., for only the actual costs of their services.

(2) The Bohan Group, Inc., will assign, if possible, all rental agreements or leases

for any equipment, vehicles, professional services, and office space to the Bohan Agency, Inc., effective January 16, 1990.

(3) Once the affairs of the Bohan Group, Inc., are concluded, final financial reports and final corporate tax returns will be prepared and filed. The disposition of fixed assets of the company will also be determined and carried out. The corporation shall then prepare a final accounting for the shareholders and be dissolved.

–Proceedings in Trial Court–

On February 27, 1990, plaintiff filed a suit styled "Thomas H. Jackson, for use or benefit of Bohan Group Inc., and Thomas H. Jackson, Individually" against David Bohan and Bohan Agency, Inc., numbered 90–637–I in the Trial Court.

On February 22, 1991, the Trial Court entered an order consolidating the foregoing case with case no. 90–638–I, *Thomas H. Jackson v. David Bohan and Bohan Group, Inc.* The order provided:

... [T]he consolidated cases shall proceed under case number 90–637–I.

The pleadings in case no. 90–638–I against David Bohan and Bohan Group, Inc., are not included in this record because no issues on appeal relate to that case.

On November 26, 1991, Thomas H. Jackson filed a voluntary dismissal of his suit against David Bohan in case no. 90–638–I, and the Trial Judge taxed costs to the plaintiff.

On March 26, 1991, the Trial Court filed a memorandum in respect to case no. 90–637–I (*Jackson v. Bohan and Bohan Agency*) concluding as follows:

At the beginning of the first day of the trial of this action, plaintiff Thomas H. Jackson nonsuited his complaint against David Bohan, individually. David Bohan was the President and Chief Operating Officer of The Bohan Group, Inc. until his resignation on December 15, 1989. He seeks to be indemnified for his attorneys' fees and costs incurred in defending this action.

David Bohan bases his claim for indemnification on paragraph 58 of the bylaws of the corporation, which are not a part of the record. T.C.A. §§ 48–17–401(d) and 48–18–501, *et seq.* The Court finds that plaintiff Jackson commenced this action without reasonable cause, therefore, David Bohan is entitled to his reasonable attorneys' fees and costs. David Bohan's attorney shall submit to the Court an affidavit setting forth such attorneys' fees and costs.

The court costs of this action are taxed to the plaintiff Thomas H. Jackson, for which execution may issue, if necessary.

*Case No. 90–638–I, Thomas H. Jackson v. The Bohan Group, Inc. and David Bohan*

Plaintiff Thomas H. Jackson seeks to recover deferred salary allegedly owed to him by The Bohan Group, Inc.

A pertinent part of the pre-incorporation document (Ex. # 1), which the Court has found to be valid and binding on the parties, provides: "*Compensation:* Salaries for Tom Jackson to be derieved (sic) from the corporation would be likewise budgeted. Jackson (sic) salary will be budgeted but deferred until profits are attained."

The evidence shows that the corporation first became profitable in the year 1987. In accordance with the terms of the pre-incorporation document (Ex. # 1, p. 5), the Court finds that plaintiff Jackson is entitled to salary from The Bohan Group, Inc. at the rate of $1,500 per month from September 1986 through January 1990, for a total of $61,500 plus pre-judgment interest of 10% from January 1, 1988 to the date of entry of the order therein. *See Graves v. Graves Co.*, 7 Tenn.App. 369 (1928).

The Bohan Group, Inc. is taxed with the costs for which execution may issue.

All other claims of the parties in these consolidated actions are without merit, therefore, they are dismissed.

On April 22, 1992, a judgment was entered under the caption of "Jackson f/u/b/o Bohan Group and Jackson Indiv.," but both case numbers (90–637–I and 90–638–I) are included in the caption. The judgment states:

ORDERED and ADJUDGED that Thomas Jackson is entitled to recover deferred salary of $61,500 plus prejudgment

interest at the rate of 10% from The Bohan Group, Inc., from January 1, 1988, through the date of the entry of this Order. It is further

ORDERED and ADJUDGED with respect to David Bohan's counterclaim that Thomas Jackson has commenced this shareholder derivative action without reasonable cause and that David Bohan is therefore entitled to recover his costs and attorneys' fees from Thomas Jackson pursuant to Tenn.Code Ann. § 48–17–401(d). David Bohan's attorney shall prepare and submit an affidavit of these costs and expenses and the amount of this judgment shall be entered separately. It is further

ORDERED and ADJUDGED with respect to David Bohan's counterclaim that he is entitled to indemnification from The Bohan Group, Inc., under the bylaws of the corporation and Tenn.Code Ann. § 48–18–501 for his costs and attorneys' fees in this action. David Bohan's attorney shall prepare and submit an affidavit of these costs and expenses and the amount of this judgment shall be entered separately. It is further

ORDERED and ADJUDGED that all other claims in the consolidated action are dismissed with prejudice.

Costs in Case no. 90–637–I are taxed against Thomas Jackson, for which execution may issue if necessary.

Costs in Case no. 90–638–I are taxed against the Bohan Group, Inc., for which execution may issue if necessary.

On May 11, 1992, a further order was entered by the Trial Court under the caption of both cases, but including only number 90–637–I in the caption. The order states:

In this Court's memorandum opinion, filed March 26, 1992, the Court found that David Bohan was entitled to recover his reasonable attorney's fees and expenses incurred in defending the cause of action in case No. 90–637–I, pursuant to Section 58 of the bylaws of The Bohan Group, Inc. and T.C.A. §§ 48–17–401(d) and 48–18–501, *et seq.*

. . . .

. . . Accordingly, it is ORDERED that David Bohan be awarded an attorney's fee in the amount of $18,000 and expenses in the amount of $1,678.68.

It appears that, in case no. 90–638–I (*Jackson v. Bohan Group and David Bohan*), David Bohan was voluntarily dismissed. Jackson recovered judgment against Bohan Group for $61,500, plus pre-judgment interest.

It also appears that, the suit of Jackson individually and for Bohan Group against Bohan Agency and David Bohan was dismissed and Bohan was granted attorney's fees and expenses, although the judgment is not explicit as to the party against whom that judgment was rendered. Presumably, Thomas H. Jackson was the intended payor of the fees and expenses.

The notice of appeal expressly excludes case no. 90–638–I (*Jackson v. Bohan Group and David Bohan*) and indicates appeal only in case no. 90–637–I (*Jackson Individually and on behalf of Bohan Group v. Bohan Agency and David Bohan*).

■ Appellant states his first issue as follows:

Did the Trial Court err in finding that David Bohan lawfully paid himself salary for the years 1987 through 1989 in excess of salary agreed upon in a pre-incorporation agreement entered into between the parties prior to operation of The Bohan Group, Inc.?

The specific provision of the pre-incorporation agreement was as follows:

*Budgets*

The Bohan Group will operate on an expense by category budget. Categories would include such items as salary, benefits, dues, telephone, travel, etc.

Budgets will be set and approved on a regular basis. Minimum budgeting cycle would be annual.

Before expenses could exceed budget without off setting revenue, an agreement would be reached between the principals.

*Compensation*

Standard Compensation for David Bohan as Managing partner of the corporation

would be set within the confines of the corporation budget. Salaries for Tom Jackson to be derieved (sic) from the corporation would be likewise budgeted.

Salaries are not mentioned in any of the corporate minutes. The record contains typewritten budgets which provide for the salary drawn by Bohan. As previously stated, Bohan testified that the budgets were orally approved by Jackson, and Jackson testified that he never saw the budgets until after dissolution and never agreed to them.

The Trial Judge found:

The evidence shows that the budgets and financial statements were prepared by Bohan and that copies were furnished to Jackson, to which he did not express any objection. The 1988 budget provided for the increase in Bohan's salary. Therefore, Jackson's claim for relief in this regard is dismissed.

It is clear that the Trial Judge accepted Bohan's version of this disputed fact.

■ Any conflict in testimony requiring a determination of the credibility of witnesses is for the trial court whose decision thereon is binding upon the reviewing court unless other real evidence compels a contrary conclusion. *State, ex rel. Balsinger v. Town of Madisonville*, 222 Tenn. 272, 435 S.W.2d 803 (1968).

No real evidence is cited or found which compels a contrary conclusion. Therefore, this Court must accept the finding of the Trial Court that Jackson saw the budgets and made no objection thereto.

■ Appellant argues that "under a pre-incorporation agreement," Bohan was to draw $4,000 per month. The parties did testify that they orally agreed upon the $4,000 figure, but no specific amount of salary is mentioned in the *written* pre-incorporation agreement, quoted above, which indicates that salaries are to be fixed by budget. Even though the parties initially agreed upon a $4,000 salary, this would not prevent an increase by budget.

Appellant relies upon T.C.A. § 48–18–101 which requires that the Board of Directors direct the management of the affairs of the corporation. Although there is no written evidence of action by the stockholders or the board of directors authorizing any salary for any officer, the board of directors, Jackson and Bohan, did informally agree upon the $4,000 salary which appellant does not question. If the $4,000 salary could be authorized informally and orally by the individuals who comprised the board, no reason occurs to this Court why the same two men could not by agreement or acquiescence approve written budgets which modified their previous oral agreement. This is especially true because of the written pre-incorporation document signed by the parties in their anticipated official character which specifically provided for salaries by budget.

Moreover, Jackson has sought and obtained a judgment against the corporation for his agreed salary which was never formally approved by action or resolution of the directors. His claims that Bohan's salary increase is unauthorized is inconsistent with his claim for his own salary.

■ Where the directors of a corporation are its only stockholders, they may act for the corporation without formal meetings. 19 C.J.S. Corporations § 462, p. 63, n. 58; *Myhre v. Myhre*, 170 Mont. 410, 554 P.2d 276 (1976); *Remillong v. Schneider*, N.D. 1971, 185 N.W.2d 493.

■ Under the circumstances of the present case, where Jackson was a 40% stockholder, director and secretary-treasurer; and where, for most of the time in question, the business of the corporation was conducted on the premises of and by employees of Jackson's wholly owned corporation, it was not unreasonable for the Trial Judge to conclude that plaintiff was aware of the manner in which the business of the corporation was being conducted; and that by failure to effectively object or take corrective action, he acquiesced in the increases in salary drawn by Bohan.

■ Plaintiff's second issue is:

Did the Court err in failing to find that the dissolution of The Bohan Group, Inc. was unlawful?

Plaintiff relies upon T.C.A. § 48–24–102 which provides:

(c) *For a proposal to dissolve to be adopted:*

1. *The Board of Directors shall recommend dissolution to the shareholders unless the Board of Directors determines that because of conflict of interest or other special circumstances, it should make no recommendation and communicate the basis for its determination to the shareholders; and,* .... (Emphasis ours.)

2. The shareholders entitled to vote shall approve the proposal for dissolution to dissolve as provided in subsection (f).

(d) The Board of Directors may condition its submission of the proposal for dissolution on any basis.

(e) The corporation shall notify each Shareholder, whether or not entitled to vote, of the proposed stockholder's meeting in accordance with Sec. 48–17–105. The notice must also state the purpose, or one (1) of the purposes, of the meeting is to consider dissolving the corporation.

(f) Unless the Charter or the Board of Directors (acting pursuant to subsection (d)) requires a greater vote or a vote by voting groups, the proposal to dissolve to be adopted shall be approved by a majority of all the votes entitled to be cast on that proposal.

It is undisputed that no formal action was taken by the directors relating to dissolution. However, it is also undisputed that both directors were present at the stockholder's meeting on January 15, 1990, and voted their support of and opposition to the proposal for dissolution.

In the informal procedure of a closely held corporation, where the only two stockholders are the only two directors, the failure of the directors to formally meet and convey their action as directors to themselves as stockholders must be disregarded as harmless.

Each of the interested parties had full opportunity to participate in the decision, and neither would gain by requiring them to belatedly meet and comply with the quoted statute in order to validate their decision as stockholders.

■ Appellant's third issue is:

Did the Trial Court err in finding that defendants were not guilty of a conspiracy to dissolve The Bohan Group, Inc. and transfer all of the corporation's physical assets and advertising clientele to David Bohan's solely owned corporation, defendant Bohan Agency, Inc., and in further finding that defendants did not violate Sec. 48–24–102, T.C.A.?

Plaintiff asserts that Bohan, as an individual, conspired with his wholly owned corporation, Bohan Agency, Inc., to transfer all of the assets and patronage of Bohan Group, Inc., to Bohan Agency, Inc.

It is undisputed that, because of his disagreements with Jackson, Bohan determined to cease all activity through the jointly held corporation and to continue in the advertising business through a solely owned corporation, Bohan Agency, Inc. It is also undisputed that Bohan effectively secured the patronage of the Bohan Group, Inc., for his new corporation, Bohan Agency. It is also undisputed that Bohan voted his majority stock to entrust the liquidation of the old corporation to the new corporation which did assume certain obligations of the old corporation in respect to equipment leases.

However, there is no concrete evidence that Bohan or his corporation deprived Jackson or Bohan Group, Inc., of any valuable property or contract right. For example, there is no showing that any equipment on which the lease was assumed was worth more than the assumed debt, or that Bohan or his corporation unlawfully interfered with any contract rights of Bohan Group, Inc. with any of its customers.

■ The essence of civil conspiracy is a consent or combination to defraud or cause other injury to person or property, which results in damage to the person or property of plaintiff. *Kirksey v. Overton Pub., Inc.,* Tenn.App.1987, 739 S.W.2d 230.

■ Actionable damage is the gist of a civil action for conspiracy which cannot be maintained unless the right to recover dam-

ages therefor exists when suit is brought. *Tenn. Publ. Co. v. Fitzhugh*, 165 Tenn. 1, 52 S.W.2d 157 (1932).

Absent evidence of specific actionable injury to Jackson or Bohan Group, Inc., the dismissal of their conspiracy action was not error.

■ Appellant's fourth issue is:

Did the Chancellor err in finding that David Bohan was not guilty of a conflict of interest in the dissolution of The Bohan Group, Inc. or of stripping the physical assets and clientele of the corporation for the benefit of Bohan's solely owned corporation, the defendant Bohan Agency, Inc.?

Appellant cites T.C.A. § 48–18–302, under which, it is insisted, Bohan's vote in the stockholder's meeting to dissolve Bohan Group and transfer its assets to Bohan Agency is void.

Whatever technical merit there may be in this argument, the practicabilities of the situation prevent its effective application. In the first place, Bohan was the personification of the Bohan Group. He solicited all business and performed all contracts. Without him, Bohan Group was an empty shell.

On January 15, 1990, Bohan resigned as president of Bohan Group. It cannot be doubted that his active participation in Bohan Group, ergo, the active operation of the corporation, ceased. There is no evidence that Bohan's employment with the corporation was other than "at will." It is not insisted that Bohan had a fiduciary duty to continue his at-will employment with the corporation. Therefore, there can be no recovery by the corporation for his withdrawal from employment.

Bohan cast no vote as a director for dissolution, for the directors did not act on the proposal for dissolution.

It can hardly be said that Bohan violated his fiduciary relationship with the corporation by voting his stock for dissolution.

■ Even if Bohan were guilty of some breach of fiduciary duty, a recovery for such a breach must be based upon proof of damages. No evidence is found in the record upon which a judgment for damages might properly be based.

■ If the actions of Bohan or Bohan Agency did wrongfully damage Bohan Group, it (Bohan Group) has a right of action to recover such damages for breach of the contract for liquidating Bohan Group.

If the liquidation is being wrongfully conducted, the remedy is a suit for a receiver to take over the liquidation, or a suit for accounting under the contract.

Appellants complain that Bohan and Bohan Agency "took over" the customers of Bohan Group. As previously stated, there is no evidence that Bohan or Bohan Agency induced the breach of any contract of a customer with Bohan Group. The evidence shows that the patronage of Bohan Agency represented new contracts with customers which did not prejudice existing contracts.

The real complaint of Jackson and Bohan Group is that Bohan wrongfully terminated his business relationship with Bohan Group and thereby destroyed the hope of Jackson and Bohan Group for future profits based upon Bohan's efforts. Under the circumstances of this case, the departure of Bohan from Bohan Group was not an actionable wrong.

■ Finally, by Issue VI, appellants insist that they had reasonable cause to bring this derivative action and that, therefore there was no ground for the award of attorney's fees and expenses. This issue is not supported by argument other than that supporting the first five issues.

T.C.A. § 48–17–401(d) authorizes the award of expenses incurred in defending suits brought without reasonable cause. This record fails to disclose reasonable cause for the suit, hence the award was justified. Its amount is not questioned.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against Thomas H. Jackson. The cause is remanded to the Trial Court for any necessary further proceedings.

Affirmed and remanded.

LEWIS and KOCH, JJ., concur.