E. RICHI  v.  CHATTANOOGA  BREWING  CO.

(*Knoxville.*  September  29,  1900.)

1. NUISANCE. *Restraint and abatement.*

A public nuisance causing peculiar and special damage to an individual will be restrained and abated at his suit—*e. g.*, the unauthorized construction and operation by a private corporation, for its own use. of a private railroad along a public street, which not only obstructed public travel along the street, but destroyed the ingress and egress of the owner of an abutting lot.

Case cited : Weakley *v.* Page, 102 Tenn., 179.

2. SAME. *Award of damages.*

Incident to the exercise of the jurisdiction to restrain and abate a public nuisance, at the suit of an individual who has suffered peculiar and special damage therefrom, a Court of Equity will ascertain and award the damages sustained by the complainant.

FROM  HAMILTON.

Appeal from Chancery Court of Hamilton County. T. M. MCCONNELL, Ch.

CASE & CASE for Richi.

W. T. MURRAY for Chattanooga Brewing Co.

CALDWELL, J. Bill in equity to abate a nuisance and to recover damages.

Demurrer overruled, and defendant appealed. The decree of the Chancellor was affirmed by Court of Chancery Appeals, and defendant appealed again.

Epitomized and reduced to their essence, the allegations of the very elaborate bill are that the defendant, a private corporation, has, without lawful authority, recently constructed and is now operating a private railroad for the purposes of its private business along a portion of one of the public streets of the city of Chattanooga, thereby unlawfully obstructing public travel, creating a public nuisance, and destroying the ingress and egress of the complainant to and from his improvements now and previously standing on an abutting lot, now and for many years owned by him, to his great loss and damage. The prayer is that the alleged nuisance be restrained and abated, and that the complainant be allowed a recovery for the private injury he has sustained in consequence thereof.

The demurrer is, first, that the city or State alone, and not the complainant, can maintain a bill to restrain and abate the alleged nuisance, and, second, that a Court of Equity is without jurisdiction to assess the damages sought to be recovered.

The first assignment of demurrer is bad, because the bill distinctly alleges the continuing existence of a public nuisance with peculiar and special damage to the complainant in consequence thereof.

It is well settled that, in such a case, the person suffering the injury may, in his own name and right, maintain a bill in equity for the restraint and abatement of the nuisance. *Weakley* v. *Page,* 102 Tenn., 179; 2 Beach Mod. Eq. Jur., sec. 744; 2 Story's Eq. Jur., sec. 924; 2 Am. & Eng. Decisions in Equity, 355; 2 Dan. Pl. & Pr., 1837; *Miss. & Mo. R. R. Co.* v. *Ward,* 2 Black, 485; *Georgetown* v. *Alexandr*ia, 12 Pet., 91-98; *Irwin* v. *Dixion,* 9 How., 28, 29.

The second assignment of error is likewise bad, because it is equally well established that a Court of Equity, having taken jurisdiction of the cause for the purpose of injunction, or to restrain and abate the nuisance, may decide the whole controversy, its jurisdiction to award damages being incidental to its jurisdiction of the main subject. 2 Story's Eq. Jur., sec. 796; 1 Pomeroy's Eq. Jur., secs. 181, 236, 237; *Horton* v. *Mayor and City Council,* 4 Lea, 50; 2 Beach Mod. Eq. Jur., sec. 538, last sentence and citations; 1 Am. & Eng. Dec. in Eq., 219; 2 *Ib.,* 661; *Hepburn* v. *Dunlap,* 1 Wheat., 197; *Cathcart* v. *Robinson,* 5 Pet., 278; *Clark* v. *Wooster,* 119 U. S., 322; *Gormley* v. *Clark,* 134 U. S., 338; *Sunflower Oil Co.* v. *Wilson,* 142 U. S., 313.

Affirmed.