ALBERTA TUCKER *v.* JOHN SIMMONS.

(*Jackson,* April Term, 1955.)

Opinion filed February 3, 1956.

STRAUCH & JONES, of Memphis, and IRVING M. STRAUCH, of Memphis, of counsel, for appellant.

SOHM, HUMPHREYS & LING, and J. E. MADDEN, all of Memphis, for appellee.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This was a suit instituted in the Chancery Court of Shelby County by Alberta Tucker who was a tenant of John Simmons. She alleged in her bill that she had fallen and by reason of the fall had sustained serious personal injuries and that very shortly after the fall Simmons had, through fraud, undue influence, etc., persuaded her to accept $80 in money and $20 to apply on rent, for which he had taken a full release for any injuries that she had received by the fall. She then in the major portion of her bill sought damages from her landlord for these personal injuries. She prayed to have the release set aside because it was obtained by fraud and inadequacy of damages.

The bill was demurred to on the ground that even though a court of chancery had jurisdiction to set aside a fraudulent instrument that the main purpose of her bill was a suit for unliquidated damages. After hearing argument the Chancellor sustained the demurrer and dismissed the bill. An appeal has been seasonably perfected and we now have the matter for determination.

As a background for determination of this law-

suit it has been necessary for us to review Code Section 10377, Williams' Annotated Code, which is a codification of Chapter 97 of the Acts of 1877 as amended since that time. This Court in speaking of this Code Section in *Swift & Co.* v. *Memphis Cold Storage Warehouse Co.*, 128 Tenn. 82, 158 S. W. 480, 481, said that by reason of this Act "the jurisdiction of the chancery court to all civil causes of action theretofore triable in the circuit court with three exceptions, and these exceptions were such cases involving unliquidated damages when based on (1) injuries to persons; (2) injuries to property; (3) injuries to character." It is perfectly obvious that the instant suit falls within exception number 1, above noted. This being true then normally a Chancery Court clearly would not have jurisdiction of this suit for personal injuries for unliquidated damages. The case just referred to of *Swift & Co.* v. *Memphis Cold Storage Warehouse Co.*, supra, takes up each decision prior thereto that this Court has had on the question of when a case is triable in the Chancery Court. In this same suit liquidated and un-liquidated damages is likewise defined.

■■ At a very early date courts of Chancery also enlarged their jurisdiction and adopted among others the following equitable maxims, to wit:

"When Chancery has jurisdiction for one purpose, it will take jurisdiction for all purposes. Equity delights to do complete justice, and not by halves." Sec. 32 and 38 Gibsons Suits in Chancery, (Higgins & Crownover Edition).

The argument thus is very ably and forcefully made here by the appellants that since Chancery Courts have both statutory and inherent jurisdiction involving suits for rescission of fraudulent instruments (Gibson, Supra, Sec. 23, through 25, and Sec. 947) that the instant suit

was properly filed in the Chancery Court. Thus it is said that since the Chancery Court does have jurisdiction to set aside fraudulent instruments and since Chancery does not do things by halves but delights in doing the whole job when it takes jurisdiction because to do so will prevent a multitude of suits, etc., that then this Court should go ahead and set aside this release and award this woman the proper measure of damages for her injuries that she received.

██ Obviously the reason for this lawsuit and the gravamen of the lawsuit as contained in the bill filed was for the purpose of securing unliquidated damages for the injury that this woman received. This being true the Chancellor exercising his discretion (19 Am. Jur., p. 49, Sec. 19, Equity) and dismissed the suit because the main subject was a law cause and the equitable right was merely incidental and this equitable right might likewise be disposed of in a trial in the law court. In this disposition of the case the Chancellor is well supported by the authorities in this State. Judge Faw in *Gregory* v. *Merchants State Bank,* 23 Tenn. App. 567, 135 S. W. (2d) 465, 473, makes this very pertinent observation:

"It is sometimes broadly stated that when a chancery court has jurisdiction for one purpose, it will take jurisdiction for all purposes; but this means all purposes 'incidental to its jurisdiction of the main subject.' *Richi* v. *Chattanooga Brewing Co.,* 105 Tenn. 651, 653, 58 S. W. 646; *Union Planter's Bank & Trust Co.* v. *Memphis Hotel Co.,* supra [124 Tenn. 649, 139 S. W. 715, 39 L. R. A., N. S., 580], 19 Am. Jur. p. 132, sec. 132''.

It is also interesting to note that in the Chattanooga Brewing case cited by Judge Faw as authority for this statement are a number of authorities from over the

United States including prior Tennessee cases to the effect that Chancery takes jurisdiction of matters of the kind here in question when they are incidental to the main subject. The inference clearly is under these authorities that if the main thing involved in the lawsuit is not of an equitable nature such as the equity court has given jurisdiction then courts of equity will not take jurisdiction.

It is conceded in the brief of the appellant that they could have proceeded in the law court and there had the release set aside and then could have obtained judgment for what unliquidated damages they were entitled to. This is held in *Gibson County Electric Membership Corp.* v. *Hall,* 32 Tenn. App. 394, 222 S. W. (2d) 689; *Memphis St. Ry. Co.* v. *Giardino,* 116 Tenn. 368, 92 S. W. 855, 8 Ann. Cas. 176; *Brundige v. Nashville, Chattanooga & St. Louis R. Co.,* 112 Tenn. 526, 527, 81 S. W. 1248 and other related cases. It is plainly held in such cases that a release of the damages secured by fraud may be set aside in the law court and the jury may then award what damages the proof sustains, provided there is liability.

This Court too has held that where a court of Chancery has taken jurisdiction, the main ground being an injunctive relief and after determination of the court that this relief has failed, that is, that the complainant is not entitled to injunction that "the only ground for equitable interference in the case has failed, and the chancery court has no jurisdiction under such circumstances to determine mere matters of unliquidated damage to property". *Tennessee Iron & Railroad Co.* v. *Paint Rock Flume & Transportation* Co., 128 Tenn. 277, 160 S. W. 522, 526; 19 Am. Jur. (Equity), Sec. 132, p. 132.

The obvious reason for this very sensible rule is that from a practical standpoint our Chancery Courts are not set up with the machinery to give one a jury trial as ex-

peditiously as are the law courts. Normally the Chancery Court trial, where juries are demanded, are limited to issues of fact in the question and answer form put to a jury rather than on a general verdict of guilty or not guilty and the finding of damages under proper instructions of the Court if there is negligence and liability thereunder. Most of the Chancery Court rooms and chambers of the Chancellor are not so physically arranged to have such a trial as are the law courts and other similar obvious things are among the reasons why the matter is to be tried by the law court rather than the Chancery Court.