Mrs. Elsie Emerson

*v.*

Betty Machamer, Ray Machamer and Walter Motter.

431 S.W.2d 283.

(*Knoxville,* September Term, 1967.)

Opinion filed August 23, 1968.

740

JOHN S. WRINKLE, Chattanooga, for plaintiff in error.

CAMPBELL & CAMPBELL, Chattanooga, for defendant in error, Motter.

GOINS, GAMMON, BAKER & ROBINSON, Chattanooga, for defendants in error, Machamer.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

Mrs. Emerson filed this suit against the Machamers and Motter for conspiring to deprive her from occupying her home with her children and to deprive her from the support of her husband, Luther Otis Emerson, and to aid her husband in obtaining a divorce from her.

The overt acts, which are alleged in the declaration and which were brought on by this conspiracy, are two in number. The first is alleged to have occurred on August 9, 1960, in which it is alleged that the defendants in error through connivance, etc., got Mrs. Emerson to appear before her doctor in Chattanooga and various and sundry things were done, which the doctor did not know anything about and then they appeared in the County Court of McMinn County and caused one June Newberry to swear out a lunacy warrant for Mrs. Emerson, and as a result of this warrant Mrs. Emerson was found to be a person of unsound mind and committed to the Eastern State Hospital at Knoxville where she was confined until November 6, 1960, when she was released. It is charged in this declaration that the judgment of the County Court is void and deprived her of her liberty without due process of law.

The second overt act alleged in this declaration is that these defendants in error advised and counseled Mrs. Emerson's husband to file a divorce suit against his wife in Jefferson County, Tennessee. It is not alleged when this advice was given by these defendants or on what date he did file such suit but it is alleged that this divorce suit was filed by him prior to August 5, 1965, and subsequent to that date, or on that date, counsel at the direction of these defendants in error advised this husband to file another divorce suit against Mrs. Emerson in McMinn County and later dismiss the proceedings in Jefferson County. It was alleged that the McMinn County proceedings were terminated in August, 1966, after a hearing and finding the husband guilty of immoral acts and the divorce action was denied.

It is not alleged in what respect this overt act was in furtherance of the alleged conspiracy to deprive Mrs. Emerson from occupying her home or to deprive her of her husband's support or to accomplish any illegal objective.

In paragraph 5 of the declaration another so-called overt act is alleged concerning a fraud against the Metropolitan Life Insurance Company but it is not shown wherein the acts of these parties affect this plaintiff in error in the least.

To this declaration the respective defendants demurred on various grounds, but the only one necessary for us to consider is the first ground, that is that the cause of action, if any, was barred by the one year statute of limitations, to-wit, T.C.A. sec. 28-304. The determination of this ground of the demurrer determines this lawsuit. The trial judge sustained all grounds of the demurrer

and dismissed the action because, in his judgment, the declaration stated a cause of action for injuries to the person as this phrase is used in T.C.A. sec. 28-304.

■ It is obvious from reading this declaration that this suit is purely a suit for personal injury regardless of the facts stated wherein said injury occurred. There can be personal injury, of course, as stated herein without having a court action where certain members of the body are injured. Other injuries come about which are personal injuries regardless of whether or not the injuries are physical injuries to members of the body. This is particularly shown in our recent case of *Brown v. Dunstan,* 219 Tenn. 291, 409 S.W.2d 365. In that suit it was held that a substantial part of the recovery was for damages done to his reputation as a business man, a father and a respected man of society. The court held that this was for injuries to the person, and as such was barred by the one year statute of limitations. We in so holding cited among a number of Tennessee cases a case from Rhode Island, wherein this was said which is applicable to the facts alleged in the present case. In *Commerce Oil Refining Corp. v. Miner,* 98 R.I. 14, 199 A.2d 606, the Rhode Island Court said:

"It is then our conclusion that the phrase 'injuries to the person' as used in instant statute is to be construed comprehensively and as contemplating its application to actions involving injuries that are other than physical. Its purpose is to include within that period of limitation actions brought for injuries resulting from invasions of rights that inhere in man as a rational being, that is, rights to which one is entitled by reason of being a person in the eyes of the law. Such rights, of course, are to be distinguished from those

which accrue to an individual by reason of some peculiar status or by virtue of an interest created by contract or property.''

The rights for which Mrs. Emerson seeks damages are in effect stated thus in the declaration, that she was deprived of the ''right and the joy of occupying her said home with her said three children and her duty and privilege of loving, rearing and training said children,' and to deprive her of support from her said husband, as was his common law duty to support her, and to permit the plaintiff's said husband to occupy said home with her said three minor children during the time that he was not away from home indulging in carnal knowledge with the employees of said mill, and to aid and assist her said husband in obtaining a divorce from the plaintiff.'' Thus it is that the injury and damages here complained of were personal to her and not for property damage or things of that kind which call for a different statute of limitations. A similar and related question was cited some years ago in *Bland v. Smith*, 197 Tenn. 683, 277 S.W.2d 377, 49 A.L.R.2d 1212.

A civil action for injury lies for a conspiracy only from the time that an overt act causing such damage has been created or enacted. *Tennessee Publishing Co. v. Fitzhugh*, 165 Tenn. 1, 52 S.W.2d 157. As an ordinary proposition there is no civil liability for conspiracy until an overt act has been committed. 15A C.J.S. Conspiracy sec. 5, page 606. Where there is a continuing conspiracy, or where acts continue to show a conspiracy, the statute of limitations commences to run from the last overt act and not from the first, but as is shown in the *Brown v. Dunstan* case, supra, the time that these acts are committed is the time that the statute is pin-pointed and

starts to run. It is not when the result or the suffering is continued—not when the suffering is done, but when the act is done which causes the suffering. It is the overt act causing the conspiracy that causes the damages and it is from this act that the statute begins to run and not from the suffering or the hurting as a result of the act.

■ The second overt act alleged here was the causing of the husband to file these divorce suits, one in Jefferson County and one in McMinn County. This last act, his doing that as alleged in the declaration, was in 1965 or far more than a year before this action was begun. The fact that this divorce action was terminated and the woman had been suffering all that time and the action was terminated in her favor within the year is not the time the action begins to run. The action begins to run when the act was committed, that is, if this was a conspiracy, it was when the divorce action was filed, not when it had finally been heard.

To briefly review the overt acts, the first was committed when the counseling brought about the conspiracy to put the plaintiff in the Eastern State Hospital. This was done in August, 1960, or nearly seven years before this suit was brought. The other overt act committed was the counseling and causing the divorce suits to be filed which was in August, 1965, and the present suit was filed on April 25, 1967, or more than one year after this act was committed.

■ The counseling of this man to file a divorce action is really not a tortious or illegal act within itself because members of the family frequently so advise. The filing of a divorce suit is in itself not an unlawful act. Sometimes people in filing divorce suits allege things that are not lawful, but that fact does not make the filing of a divorce

suit unlawful. In other words, when the divorce is lawful and no perjured testimony is used or unlawful things are used to bring the action there can be no civil action for conspiracy. This was well stated in 15A C.J.S. Conspiracy sec. 3, pages 603, 605. One of the defendants in error is the sister of Mrs. Emerson's husband and members of the family frequently do things of this kind, and whether they are right or not is not the question, but as long as they think they are right it doesn't constitute a wrongful or tortious act.

We have read and re-read this record and the excellent briefs and are well satisfied that the injuries sought by this action are personal injuries and those injuries are controlled by the one year statute of limitations (T.C.A. sec. 28-304), and for this reason the judgment of the trial court is affirmed.