BUDGET RENT-A-CAR OF KNOXVILLE, INC., et al.

*v.*

CAR SERVICES, INC., et al.

469 S.W.2d 360

(*Knoxville,* September Term, 1970.)

Opinion filed June 7, 1971.

ELY & ELY, Knoxville, for complainants.

RICHARD L. CARSON, JONATHAN H. BURNETT, Knoxville, for defendants.

Mr. Justice McCanless delivered the opinion of the Court.

The complainants, Budget Rent-a-Car of Knoxville, Inc., Harry S. Hall, Jr., and Freddie E. Turner of Knox County filed their original bill on October 16, 1970, against Car Services, Inc., a Tennessee corporation, and Edward Wallace and George Wallace of Knox County, and against Budget Rent-a-Car Corporation of America, an Illinois corporation with its office in Chicago, and Jules W. Lederer, a resident of Illinois. By their bill the complainants averred that in the year 1962 the complainant, Hall, contracted with the defendant, Lederer, representing Budget Rent-a-Car Corporation of America, and obtained for the complainant, Budget Rent-a-Car of Knoxville, Inc., a franchise to operate a rental car business in Knoxville and vicinity. They averred further that as a result of a conspiracy by the defendants the complainants were forced in March, 1965, to sell their business to the defendants Wallace and Car Services, Inc., but that they did not sell the right to use the name, Budget Rent-a-Car of Knoxville, Inc., to said defendants. They sued for a recovery of compensatory and punitive damages and prayed that an injunction issue to prevent the use by the defendants of the name Budget Rent-a-Car in Knoxville and in other places in East Tennessee.

Personal service was had upon the defendants Wallace and Car Services, Inc., and service upon the defendants Lederer and Budget Rent-a-Car Corporation of America was had by means of the procedure provided by Section 20-235, T.C.A., et seq., sometimes known as the Long Arm Statute.

The defendants, Edward Wallace, George Wallace, and Car Services, Inc., demurred to the bill on two grounds: (1) that on its face it showed that the complainants' cause of action, if any, had accrued more than three years before the filing of the bill and therefore was barred by the provisions of Section 28-305, T.C.A., and (2) that the Chancery Court was without jurisdiction of the subject matter of the suit which was one to recover unliquidated damages for tort. The defendants, Jules W. Lederer and Budget Rent-a-Car Corporation of America, filed separate but similar pleas in abatement by which they challenged the sufficiency of the service of process on them under the provisions of Section 20-235, T.C.A., et seq.

After they had filed their bill the complainants amended it to show that the date of the sale to the defendants was 1964 rather than 1965, whereupon the defendants, Wallace and Car Services, Inc., amended their demurrer so as to plead laches by the complainants.

The parties entered into a stipulation by which they agreed that the defendant, Lederer and another employee of Budget Rent-a-Car Corporation of America were in Tennessee on five different days in 1962 and 1963 negotiating a franchise with the complainant, Hall. There is nothing in the record to establish any presence or activity in the State by these defendants or by any one representing them incidental to the alleged conspiracy on which this suit is grounded.

The exhibits made part of the record by the stipulation show that the defendants Wallace and Car Services, Inc., acquired the right to use the stationery and advertising of Budget Rent-a-Car of Knoxville, Inc., when they

bought the business. The stipulation negatives the charge that these defendants were using the name without authority.

The Chancellor heard the case on the bill, the pleas in abatement of the defendants, Lederer and Budget Rent-a-Car Corporation of America, the complainants replication thereto, and upon the stipulation with respect to the pleas in abatement and upon the demurrer of the defendants, Wallace and Car Services, Inc. He sustained the plea in abatement of the defendant, Lederer, but overruled it as to Budget Rent-a-Car Corporation of America. That defendant then adopted the demurrer of the defendants, Wallace and Car Services, Inc., which the court sustained as to all demurrants and dismissed the complainants' bill. The complainants have appealed.

(1) If the defendants, Budget Rent-a-Car Corporation of America and Jules W. Lederer, are before the court, it is by reason of the service upon them under the provisions of Section 20-235, T.C.A. That Section is, as follows:

"*Jurisdiction of persons unavailable to personal service in state—Classes of actions to which applicable.*—Persons who are nonresidents of Tennessee and residents of Tennessee who are outside the state and cannot be personally served with process within the state are subject to the judisdiction of the courts of this state as to any action or claim for relief arising from:

(a) The transaction of any business within the state;

(b) Any tortious act or ommission within the state;

(c) The ownership or possession of any interest in property located within this state;

(d) Entering into any contract of insurance, indemnity, or guaranty covering any person, property, or risk located within this state at the time of contracting;

(e) Entering into a contract for services to be rendered or for materials to be furnished in this state.

" 'Person' as used herein shall include corporations and all other entities which would be subject to service or process if present in this state. Any such person shall be deemed to have submitted to the jurisdiction of this state who acts in the manner above described through an agent or personal representative."

█ The record, however, shows that neither the corporation through its representative nor Jules W. Lederer ever engaged in any activity in Tennessee which authorizes service under this Section of the Code. The statute under which service was had upon the nonresident defendants in this case was considered by our Court in the recent opinion by Mr. Justice Humphreys in *Darby v. Superior Supply Company*, 224 Tenn. 540, 458 S.W.2d 423, in which it was said:

"But, even so, we are of opinion, as before indicated, that the statute does not apply in the present case. Tested by the rule laid down in *McGee* [*McGee v. International Life Insurance Company*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957)], that a nonresident must do some act by which 'it purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protec-

tion of its laws.', the service of process in this case is invalid.''

In this case the record shows no act by the defendants, Budget Rent-a-Car of America or Jules W. Lederer, or by either of them, from which the alleged conspiracy may be said to have arisen and the service on them was ineffectual. They are not before the court and the court properly so held.

■■ (2) The defendants, Wallace and Car Services, Inc., rely upon the defense of the statute of limitations of three years, Section 28-305, T.C.A. Conspiracy is a tort and is subject to the running of the statute of three years. The period of limitation begins to run from the time of the last overt act, which, according to the allegations of the bill, was March 10, 1964, the date of the sale, and more than six years before the complainants filed their bill. ''A civil action for injury lies for a conspiracy only from the time that an overt act causing such damage has been created or enacted.'' *Emerson v. Machamer*, 221 Tenn. 739, 431 S.W.2d 283. The complainants' cause of action, if any existed, became barred three years after the sale.

■ (3) All the defendants insist that the Chancery Court is without jurisdiction of the suit because it is one for unliquidated damages resulting from tort. The complainants on the other hand argue that because injunctive relief is sought the court takes jurisdiction for all purposes. With this we cannot agree. The ground for the injunction failed and with it failed also the only ground on which the jurisdiction of the Chancery Court is asserted. *Union Planters' Bank & Trust Co. v. Memphis Hotel Co.*, 124 Tenn. 649, 139 S.W. 715; *Tucker v. Simmons*, 199 Tenn. 359, 287 S.W.2d 19. As this Court

said many years ago in *Marsh v. Haywood,* 25 Tenn. 210, "When the jurisdiction fails, all the power of the court fails, except to give judgment for costs." Here the Chancery Court is without jurisdiction.

We affirm the decree and adjudge the costs against the appellants.

Dyer, Chief Justice, Creson, Justice, and McAmis and Jenkins, Special Justices, concur.