CONTINENTAL LEASING CORPORATION OF MEMPHIS, Alta Baer Dickey Wood, E. Oliver Fowlkes III, Administrators of the Estate of Bert G. Dickey, Jr., Deceased, and Union Planters National Bank of Memphis, Executor of the Estate of Bert G. Dickey, Appellees,

v.

ECONOMY LEASING CO., LTD., Economy Finance Corporation, Indianapolis Morris Plan Corporation, C. R. Weir and Co., and U. S. Aviation Underwriters, Inc., Appellants.

Court of Appeals of Tennessee, Western Section.

Aug. 17, 1977.

Certiorari Denied by Supreme Court April 10, 1978.

Max Shelton, Memphis, for appellants.

Max D. Lucas, Jr., Memphis, for appellees.

NEARN, Judge.

The issue of *in personam* jurisdiction is determinative of this appeal.

Indianapolis Morris Plan Corporation, an Indiana corporation with offices in Indianapolis, is a subsidiary of Economy Finance Corporation, also an Indiana corporation located in Indianapolis. These two entities have interlocking directors and officers, none of whom reside in Tennessee. The record shows no Tennessee stockholders. The defendant lessor, Economy Leasing Company, Ltd. was a limited partnership organized under the laws of Florida with principal offices therein. Hereinafter, they will be referred to as Morris Plan, Economy Leasing and Economy Financing.

The plaintiff Continental Leasing Corporation, in defiance of its name, is not a corporation, but was a partnership composed of Bert G. Dickey, Jr. (now deceased) and Fred Hooper. Both Dickey and Hooper were residents of the State of Arkansas. Continental had an office in Memphis, Tennessee in the M & M Building. Whether it was its principal office we are not sure. The complaint says it was, the answer denies it and demands strict proof. We have no proof before us on the issue, strict or otherwise.

The Tennessee defendant C. R. Weir & Company is a Tennessee insurance agent who, at the request of Bert G. Dickey, Jr., caused a policy of all risk hull insurance on one Beechcraft airplane to be issued through U. S. Aviation Underwriters, Inc. of Georgia, naming Economy Leasing as the insured.

An analysis of the facts shows that Dickey, a resident of Arkansas and a well to do Arkansas farmer with large land holdings in Arkansas, decided to acquire a new aircraft from Tulsair Beechcraft in Tulsa, Oklahoma via an Arkansas dealer. For tax reasons, Dickey determined that it was better to straight lease the aircraft and charge it off to his farming enterprises. Dickey then authorized Hooper, also an Arkansas

resident and Dickey's partner in what can best be termed a finance brokerage firm,[1] to obtain advantageous lease financing of the desired aircraft. The financial brokerage partnership (Continental) which had an office in Memphis, acting through Hooper, corresponded with Morris Plan seeking financing for Continental's "customer". Hooper, using the stationery of Continental, contacted Morris Plan stating that Continental represented a wealthy prospect for an airplane who did not want to purchase same, but wanted to straight lease it with no option to purchase. Hooper, on behalf of Continental's "customer" went to Indianapolis where the final details were worked out and it was agreed that Economy Leasing would purchase the airplane with aid from a loan from Economy Finance. Economy Leasing was then to lease the airplane to Dickey and Continental Leasing was to receive a one and one-half percent commission. Because Dickey and his father jointly owned the family farming enterprise, Economy Leasing required that the father also execute the lease. Continental is also named as a lessee. The lease contract was prepared in Indianapolis and executed by all lessees in the State of Arkansas, except Continental which executed same in Memphis by Hooper affixing his name thereto as "partner" in Continental. The lease was subsequently accepted in Florida by the lessor. The lease covered an aircraft that originated in Oklahoma, was delivered in Arkansas, to be hangered and licensed in Arkansas, to be used and flown by an Arkansas resident and which aircraft ultimately crashed and burned in a wooded area in the State of Mississippi killing an Arkansas resident whose estate is being administered in the State of Arkansas.

The only real party seeking relief in this cause is the Estate of Bert G. Dickey, Jr., on the theory that Dickey had acquired an equity interest in insurance proceeds received by Economy Leasing from the aircraft insurer for the destroyed aircraft. We need not go into the merits of the claim, as we are of the opinion that the Chancellor should have allowed the plea in abatement as to the Indiana and Florida businesses as we are of the opinion the Trial Court was without *in personam* jurisdiction over those defendants.

Unlike the Federal Court, diversity of citizenship does not confer jurisdiction upon Tennessee Courts. In this instance *in personam* jurisdiction over non-residents is acquired by T.C.A. § 20–235, or not at all. Specifically, jurisdiction in this case is contingent upon satisfaction of the requirement of subsection (a) thereof. The other subsections are not applicable. Therefore, the Tennessee Courts would have jurisdiction for a "claim for relief arising from: (a) The transaction of any business within the state."

In our opinion, the cases of *Darby v. Superior Supply Company* (1970) 224 Tenn. 540, 458 S.W.2d 423 and *Budget Rent-A-Car v. Car Services* (1971) 225 Tenn. 342, 469 S.W.2d 360, were ones with facts far stronger than the instant case in favor of jurisdiction, but the Supreme Court held such facts would not confer jurisdiction upon Tennessee Courts. The defendant in *Darby*, had, through his servant, acted in this state relative to a completed contract with a Tennessee citizen. In *Budget Rent-A-Car* the defendant had been present in the state on five separate occasions to negotiate with Tennessee citizens. In this case the true lessees signed and acknowledged the lease in Arkansas. The aircraft was to be invoiced and paid through a business concern located in West Memphis, Arkansas. The last act to create the lease oc-

---

1. Reading somewhat between the lines; it would seem that Hooper acted under the name of Continental Leasing Corporation of Memphis (which was really a partnership of Hooper and Dickey) usually as a financial agent for Dickey, an undisclosed partner, in finding suppliers of money for Dickey's business acquisitions and would obtain a "finders fee" from the furnisher of funds to Dickey for bringing the matter to the attention of the lender or financier. Presumably, Dickey and Hooper quietly split the "finders fee".

curred when it was accepted by Economy Leasing in Florida. We do not believe that even the dissenting opinion in *Darby* would afford any basis for conferring jurisdiction over the foreign defendants in this case. It seems to us that the Tennessee contacts in this matter may, at the most, rise to a scintilla of a contact, but never reach "the necessary minimum contacts" required. Even the dissent in *Darby* argued that jurisdiction should not be allowed if a "sense of fair play" is offended. Our "sense of fair play" is offended in this case by dragging the non-resident defendants to the State of Tennessee. Not that they may not be dragged elsewhere, but not to Tennessee.

The real parties to this suit are the estate of an Arkansan, and Indiana and Florida business entities. Neither this state nor its citizens have the slightest interest in the outcome of this lawsuit.

Over 170 years ago, Mr. Justice White, speaking for our Tennessee Supreme Court, in the case of *Avery v. Holland* (1806) 2 Tenn. 71, made certain pertinent observations, the persuasiveness of which has not been diminished by the passage of time and we feel they are peculiarly applicable to this case:

[I]f it appears upon the face of the pleadings that both of the litigant parties are foreigners and a foreign contract, we ought not to interpose. By the nature of all governments, courts were constituted to administer justice in relation to their own citizens; and not to do the business of citizens or subjects of other States. The judges of their own State are employed, and paid for that purpose.

To encourage the resort of foreigners to our courts would be doing injustice to our own citizens who have business here to be attended to.

The result is that the judgment below is reversed and the suit is dismissed as to the Indianapolis Morris Plan Corporation, Economy Leasing Corporation and Economy Finance Corporation and all costs are adjudged against the Estate of Bert G. Dickey, Jr.

Done at Jackson in the two hundred and second year of our Independence and in the one hundred and eighty-second year of our Statehood.

CARNEY, P. J., and MATHERNE, J., concur.